The KANSAS CITY & SOUTHWESTERN RAILROAD COMPANY v. ELIZABETH C. HURST.

1. RAILROAD RIGHT-OF-WAY—*Report, When Complete—Appeal—Computation of Time.* The report of commissioners appointed to condemn a right-of-way for a railroad is not complete and final until it is filed in the office of the county clerk, and the land-owner may take an appeal from their award at any time within ten days after it is so filed. The time of taking an appeal will be reckoned from the filing of the report, instead of from the time when it is reduced to writing and signed by the commissioners.

2. REPORT—*Filing, Not Indorsed.* The failure of the county clerk to indorse upon the report the time when it was filed in his office will not preclude a party from showing when it was actually filed, and thus establish that the appeal was taken within the prescribed time.

3. LAND—*Description, Sufficient.* The appellant in giving a description of her land in the appeal bond omitted to state the range in which it lies, but did allege that it is situate in a certain county, and also referred to the report of the commissioners, in which the land was accurately described; *held,* that the description was sufficiently definite and certain.

*Error from Cowley District Court.*

THE opinion states the case.    Judgment for plaintiff *Hurst,* at the December term, 1886.    The defendant company brings the case to this court.

*Jos. O'Hare,* for plaintiff in error.

*Peckham & Henderson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This is an appeal from an award made by the county commissioners of Cowley county for damages sus-

tained by Elizabeth C. Hurst in the appropriation of a right-of-way, and the building of a railroad across her land by the Kansas City & Southwestern Railroad Company.   The damages were appraised by the commissioners at $153, and at the trial in the district court the award was increased to $600. It is now contended that the court erred in refusing to dismiss the appeal, and also in permitting the introduction of any testimony whatever.   It is claimed that the appeal was not taken within the time prescribed by law, and hence the court was without jurisdiction to entertain and determine the controversy.   The basis of this contention is that the report of the commissioners is dated December 23, 1885, and the appeal bond was not filed with and approved by the county clerk of Cowley county until the 6th day of January, 1886. The time when the report of the commissioners was filed with the county clerk is not indorsed upon the report, but that it was so filed less than ten days before the appeal was taken, sufficiently appears.   The time of making the award, or the time when the commissioners reduce their report to writing and sign the same, is not the starting-point from which to reckon the time within which an appeal may be taken.   Their duty is only partially performed when their doings are embodied in a written report, as the same statute that provides for making the report requires them to file it in the office of the county clerk.   (Comp. Laws of 1885, ch. 23, § 82.)   Until it is so made and filed, it is incomplete, and not binding on either party.   The land-owner has no notice of the final action of the commissioners before the report is filed, and until it is made a matter of record, showing the definite line, the extent of land appropriated, and the condition in which the land not taken will be left, as well as the amount awarded, his property is not affected by their action, and no appeal need be nor in fact can be taken.   If the taking of an appeal was limited within ten days after the commissioners reached their conclusion and reduced the same to writing, it would be within their power to deprive the owner of the lands condemned from the right of appeal by withholding the report from the records

until after the ten days had expired. It is clear that the owner may exercise the right of appeal at any time within ten days from the filing of the report, regardless of when it may have been made. (*Gulf Rld. Co. v. Owen*, 8 Kas. 409, 414; Comp. Laws of 1885, ch. 23, § 86; id. ch. 81, § 121.)

Enough is shown by the record to establish that the appeal was taken within the prescribed time. The fact that no file-marks are upon the report does not preclude a party from showing when it was actually deposited or filed with the county clerk, and the record discloses that it was filed on December 30, 1885. The appeal bond itself recites that the report was filed with the county clerk at that time, and in the record of the facts and proceedings brought before us there is a statement that "plaintiff by counsel offers to introduce in evidence the report of the right-of-way commissioners, filed in the office of the county clerk of this county 30th of December, 1885." This statement of fact is uncontradicted in the record, and was passed over without question by the railroad company. When the motion to dismiss the appeal was made, counsel for the railroad company did not indicate that the appeal was not taken in time, or that there was any question in respect to the time when the report was filed. It is obvious that the appeal was perfected within ten days from the filing of the report, hence this objection must be overruled.

The railroad company further assails the validity of the appeal bond on the ground that it does not contain a definite description of the appellant's premises through which the railroad was laid, and the defect referred to is that the range in which the land lies is not stated. The bond recites that the route laid off was across and through "the following lands, situated in said county of Cowley, state of Kansas, owned in fee simple by the above bounden Elizabeth C. Hurst, to wit: Lots numbered 5 and 6 in the northwest quarter of section number 2, in township number 35 south, 3 east, as shown in said report." This description is sufficient. By locating the land in Cowley county the omission of the range becomes unimportant. Besides, the bond specifically refers to the report

of the commissioners, which also contains an accurate description of the land. When the whole instrument is taken together, the location of the appellant's premises is made definite and certain, as well as the land taken for the right-of-way.

There are objections to the evidence given by certain farmers in regard to the value of the land taken and of the farm before and after the appropriation, but these objections are the same that were made and answered in another case wherein the same railroad company was a party, and further discussion is not required. (*K. C. & S. W. Rld. Co. v. Ehret*, 41 Kas. 22; same case, 20 Pac. Rep. 538.)

Finding no error in the record, the judgment of the district court will be affirmed.

All the Justices concurring.