[No. 3449.   Aug. 5, 1930.]

In re FAULKNER'S ESTATE.

FAULKNER et al. v. FAULKNER et al.

[290 Pac. 801.]

Reese & Reese, of Roswell, and Wilkins & Brecher, of Pekin, Ill., for appellants.

L. O. Fullen, of Roswell, for appellee Faulkner.

J. B. McGhee, of Roswell, for appellee Love.

OPINION OF THE COURT

WATSON, J.

This is an appeal from a judgment distributing the estate of the decedent among the widow and children. The trial judge held it to be community property, and distributed it as such. Appellants, children of a former marriage, contend that it is separate property. Counsel agree that this is the only question for decision.

The trial court found that the decedent came to New Mexico in 1907 with his wife, the appellee, and children, having purchased a farm near Dexter for about $20,000, the proceeds of separate property owned by him in Illinois; that this farm was traded for lands in Arkansas, with which we are not concerned; that except for a period of fifteen months, beginning in 1910, when the decedent and the appellee were separated, they lived together as husband and wife until the time of his death; that in 1913 the decedent obtained $30,000 in cash from the sale of Illinois property, concededly separate estate, and with it purchased some bank stock which became a loss, and engaged in the business of loaning money and of purchasing and improving town lots for sale; that in all the decedent brought to New Mexico from Illinois as separate property about $60,000 in cash, and that at the time of his death his estate was worth not to exceed $30,000.

The trial court refused to find that decedent had not engaged in any business in New Mexico except the management of his farms and loaning money and improving

lots, and refused to find that it did not appear that he ever possessed any property except such as he purchased with the proceeds of his separate estate. As the case is here presented, the decision turns on these refused findings. If wrongly refused, the judgment should be reversed. Appellee does not question that the "rents, issues and profits" arising from the investment, management, and reinvestment of the original capital adhere to it as separate estate. 1929 Comp. § 68—303.

Unquestionably this separate capital has lost its original form. We here deal with property which, since it was acquired during marriage, presumptively belongs to the community. Barnett v. Wedgewood, 28 N. M. 312, 211 P. 601; Carron v. Abounador, 28 N. M. 491, 214 P. 772. The burden was on appellants to establish its separate character by a preponderance of evidence. Strong v. Eakin, 11 N. M. 107, 66 P. 539.

The testimony to establish the negative that decedent had engaged in no activity resulting in matrimonial gains was given by one disinterested witness and by one of the appellants. The former was merely asked to outline the business of the decedent during his residence in New Mexico. As he described it, it consisted merely in the management of the separate property. The latter was asked where decedent got the money with which he purchased two tracts of land constituting the greater part in value of the property to be distributed. He replied.

"From the money he got from Illinois from the sale of property. * * * Because he didn't have any other money to invest in property."

Appellee contends that this testimony should not be credited. The statement was, of course, sweeping. It came from an interested witness. Appellee contends that it could not have been based on any first hand knowledge of the facts, since the witness had left the parental home in 1910, while the lands in question were not acquired until considerably later.

Nevertheless, to reject this testimony would be to reject all that there is of a positive character on the point. Appellee, who must have known of any activity of hers or of

her husband's from which community property had resulted, was sworn as a witness, but testified to nothing to indicate the existence at any time of community estate in which decedent's separate property could have been lost by mingling. The testimony is not inherently improbable. It is not impeached by any suspicious circumstances. Indeed, it would be extraordinary if the decedent, who started with $60,000 of separate capital and no community capital, had finished his business career with $30,000 of community property and no separate estate.

Without laying down any general rules for the determination of future controversies, we feel constrained to hold that the trial court's conclusion and judgment are contrary to all of the evidence, the proper inferences, and the probabilities of the case; they being, in our judgment, quite sufficient to overcome the bare presumption upon which appellee's case rests.

The judgment will be reversed, and the cause remanded, with direction to set aside the erroneous conclusion and to enter judgment upon the conclusion here reached. It is so ordered.

BICKLEY, C. J., and PARKER, J., concur.

CATRON and SIMMS, JJ., did not participate.