[No. 3609. Oct. 31, 1931.]

[Rehearing Denied November 23, 1931.]

ROBERTS v. ROBERTS.

[4 Pac. (2d) 920.]

594

H. B. Hamilton, of El Paso, Tex., for appellant.

George W. Prichard ,of Santa Fe, for appellee.

## OPINION OF THE COURT

WATSON, J.

This cause is before us on the appeal of the husband from a judgment by which the wife, as plaintiff, was granted a divorce, the husband, as cross-plaintiff, was denied a divorce, and division of property was made as belonging to the community.

Appellant here contends that the court erred both in awarding the divorce to the wife and in denying it to him. These questions cannot be considered. As to the right to divorce, there were no specific findings, no specific exceptions were taken to the general findings or conclusions, and no findings at all were requested. Harris & Maldonado v. Sperry, 35 N. M. 52, 290 P. 1022; De Lost v. Phelps Dodge Corporation, 33 N. M. 15, 261 P. 811.

Appellant also contends that the court erred in holding certain property to belong to the community, and in dividing it accordingly. The property so divided was a town lot in Corona, with a store building; a tract of 640 acres; an automobile; a bank deposit as of date of separation of parties; a $600 loan to one Imhoff; a $500 loan to one Roberts.

The parties were married May 29, 1925, and separated June 15, 1929. All of the enumerated assets were acquired during the marriage. The presumption is that they were community assets, though such presumption may be overcome by a preponderance of evidence. In re Faulkner's Estate, 35 N. M. 125, 290 P. 801.

None of the property involved was acquired by the appellant by gift, bequest, devise, or descent. So,

under the letter of our statute, it would be community property. 1929 Comp. §§ 68-302, 68-303, 68-401.

"But the courts wisely ingrafted upon the doctrine the principle that where property is acquired during marriage by the sale or exchange of separate property, it remains separate property."

Morris v. Waring, 22 N. M. 182, 159 P. 1002, 1004. Appellant seeks to bring these several assets within this principle.

As to the store building and lot, appellant claims that, prior to the marriage, he had entered into an executory contract for its purchase, and had paid $200 on the price; completing payment after marriage in monthly installments of $100 each. He urges the legal proposition that the character of the property is to be determined as of the time of its acquisition, and that the acquisition of the legal title after marriage relates back to the acquisition of the conditional right before marriage, even though the installments of purchase price be deemed to have been paid by the community. He cites McKay on Community Property (1st Ed.) §§ 24, 26, and 38. See second edition of the same work, §§ 535, 536.

■ We need not discuss or decide this principle. The court refused to find the facts as appellant urges them, and the evidence was conflicting.

Another legal proposition is presented with respect to this store building and lot. It is urged that, where property is acquired during marriage, upon the separate credit of either spouse, the acquisition goes into the separate estate of the spouse whose credit was used. Appellant cites Morris v. Waring, supra; In re Ellis' Estate, 203 Cal. 414, 264 P. 743; Guye v. Guye, 63 Wash. 340, 115 P. 731, 37 L. R. A. (N. S.) 186; In re Finn's Estate, 106 Wash. 137, 179 P. 103, 104.

■ Several nice legal points are suggested by this contention, but we think the matter must again be disposed of on the facts. We here assume as facts that, after the marriage and before the deed passed, appellant, on his individual note, borrowed $1,000 from a relative, the transaction being more on a family than a business basis;

that the proceeds of this loan went into appellant's bank account along with the proceeds of the sales of merchandise from the store he was conducting; and that from this bank account he made the deferred payments on the property. The amount thus borrowed still leaves $800 of the purchase price to be accounted for otherwise, and no definite or fixed part of the $1,000 even is shown to have been applied in meeting the payments. It may well be doubted whether the credit thus employed by appellant could be deemed to be his separate credit, rather than that of the community. Be that as it may, the evidence fails to identify the property here in question as having been acquired in exchange for such credit or its proceeds.

As to the automobile and the 640 acres, sole reliance is placed on the fact that in November, 1927, appellee opened a separate bank account, in which she deposited her own earnings as a rooming house keeper. The fact has slight, if any, materiality. These earnings would, under our statute, be the separate property of the wife. That the parties saw fit to segregate it is no proof that the husband did not have in his possession and under his charge community property and funds.

As to the Imhoff loan, appellant again relies on his borrowings from his relatives. He does not testify, however, that it was moneys thus borrowed that he in turn loaned to Imhoff. So to have held would have been pure speculation.

The matter of the Roberts loan, as presented by appellant, is merely a question of weight of conflicting evidence. We cannot consider it.

The evidence relied on to show that the bank deposit was the proceeds of a sale of the stock of merchandise which the court awarded to appellant as his separate property is not at all conclusive of the fact.

The judgment will be affirmed, and the cause remanded, with a direction to enter judgment against appellant and his supersedeas sureties. It is so ordered.

PARKER and SADLER, JJ., concur.

BICKLEY, C. J., and HUDSPETH, J., did not participate.