296 P.2d 752

Autry Bruce **SHANAFELT**,
Plaintiff-Appellant,

v.

**T. S. HOLLOMAN,** Defendant-Appellee.

No. 5948.

Supreme Court of New Mexico.

April 26, 1956.

Neal & Girand, Hobbs, for appellant.

G. T. Hanners, Howell Spear, Lovington, for appellee.

KIKER, Justice.

This case was instituted by Autry Bruce Shanafelt against T. S. Holloman on the claim that Lot 6 of Block 121, Highland Park Addition, City of Hobbs, and Lot 10 of Block 95, Original Town of Hobbs, Lea County, were their community property while they were husband and wife.

It was alleged that the parties were married in the year 1947 and were divorced in Ector County, Texas, on the 9th day of November, 1953; that the New Mexico property was not mentioned in the property settlement or decree in Texas; that the de-

fendant husband had received rentals from the property since the date of divorce; and plaintiff prayed for a decree that she owned a one-half undivided interest in said real estate and for an accounting of all rents and profits from said properties since the divorce of the parties.

Defendant answered alleging that the parties were married on June 9, 1947, and divorced on the stated date, but denied that the properties described in the complaint were ever the community property of the parties. Defendant alleged that he owned Lot 6 of Block 121, Highland Park Addition, before the marriage of the parties but then still owed part of the purchase price which he was paying in small monthly installments; that the balance due was approximately $450 at the time of the marriage; that defendant owned other separate property when the parties were married and that the monthly installments on said Lot 6 were paid by defendant after the marriage from the rents, income and profits from his separate properties. Defendant further alleged affirmatively that plaintiff had no right, title or interest in said Lot 6, known as 205 E. Park, Hobbs. He further alleged that Lot 10, Block 95, Original Town of Hobbs, known as 315 North Houston, was purchased by defendant on July 11, 1949, during the marriage of the parties for the approximate sum of $3,700, and that $2,300 of the purchase price was paid from the proceeds of the sale of defendant's separate property, and he alleged that the balance of $1,400 was paid by him with rents, income and profits from other separate property owned by him, and that the said Lot 10 was his separate property.

Defendant admitted that he had received monthly rentals from the said Lot 6, the property at 205 E. Park, but alleged affirmatively that plaintiff had wrongfully received and retained rentals of $65 per month on the property at 315 North Houston, being Lot 10, Block 95, Original Town of Hobbs, and stated that she should be required to account to him for rentals received therefrom.

Defendant filed a counter claim by which he alleged that when the parties were married, plaintiff owned Lots 6, 7, and 8 of Block 95, Original Town of Hobbs, known as 307–9–11 North Houston, subject to certain mortgage indebtedness in the amount of $750, and that two days after the marriage, defendant, at plaintiff's special instance and request, paid the $750 for plaintiff's account, retiring the existing mortgage; that thereafter, in April, 1948, at the special instance and request of plaintiff, defendant paid the sum of $600 for adding one room to a four-room house located on the property at 307–9–11 North Houston; that in August, 1948, defendant paid approximately $2,000, at the special instance and request of plaintiff, for building a house consisting of two rooms and bath on the rear of one of the lots at 307–9–11 North Houston; that in 1950, at plaintiff's special instance and request, defendant ex-

pended $200 for building a bathroom onto a two-room house located on plaintiff's said property; that, during a paving program in Hobbs, defendant, during the marriage of the parties, paid approximately $850 for paving assessments against the said property of the plaintiff; and that all of the said payments were made by defendant from his separate property.

Defendant further alleged that the parties owned their separate properties, as above stated, at the time of their divorce, and that all of said properties should be taken into account in settling the property rights of the parties. Defendant further alleged that he was entitled to a lien against the said property of the plaintiff in the aggregate sum of $4,400 on account of expenditures by him made as he had alleged; and that he was entitled to have the amount of his lien increased by the total receipts of plaintiff from rentals on defendant's property at 315 North Houston, being Lot 10, Block 95, Original Town of Hobbs.

Plaintiff, answering, denied specifically the various allegations in defendant's counter claim. The issues between the parties were made up in cause numbered 11426 on the docket of the Lea County District Court as above stated.

Plaintiff also brought suit against defendant in cause numbered 11324. In this case she alleged that defendant was indebted to her on account of two promissory notes, one in the sum of $1,800, and the other in the sum of $900, the first being made on July 18, 1948, and the second on July 29, 1948. For answer the defendant filed a general denial.

At the trial, in cause No. 11324, the defendant was permitted to file trial amendments in which he asserted the bar of the statute of limitations; and that there was no consideration for the execution of either of the notes. Affirmatively, defendant also pleaded that there had been a material alteration in each of the notes without the knowledge or consent of defendant in that the dates had been changed and that the notes were therefore void on account of material alteration.

The two suits were consolidated for purposes of trial and are here on appeal from the judgment of the district court covering both cases. Plaintiff below is the appellant here.

As to cause No. 11324, the court found as matter of fact that there was no consideration for either of the notes; and that they were not intended by the parties, when executed, to be binding obligations of the defendant. These notes were held to be void.

As to Lot 6 of Block 121, Highland Park Addition, the court, found this to be the separate property of defendant, but subject to a lien in favor of the plaintiff for $426.-40, being one-half of community funds paid on the balance of the purchase price.

The court found also that Lot 10 of Block 95, Original Town of Hobbs, being

315 North Houston, was the separate property of defendant and that it was not intended by the parties that the title thereto should have been taken in the name of both parties in joint tenancy. The court found that this lot was subject to a lien in favor of the plaintiff for $700, being one-half of $1,400 paid on the balance of the purchase price from funds belonging to the community after the initial payment was made from the separate funds of defendant.

The court found that plaintiff is indebted to defendant on account of rents collected from 315 North Houston in the sum of $65 per month since July, 1953. The total amount was not calculated in the findings of fact and conclusions of law made by the court, but at the time of judgment, which was entered on January 27, 1955, rent so collected amounted to $1,170.

The court found that the plaintiff was the owner of Lots 6, 7, and 8, Block 95, Original Town of Hobbs, but subject to a lien in favor of defendant in the amount of $2,525 for improvements made thereon from his separate funds.

After crediting the amount of the liens allowed to plaintiff upon the total indebtedness of plaintiff to defendant, the trial court found a balance in favor of defendant in the sum of $2,568.60.

Judgment was entered in accordance with the findings as to ownership of lots and balance of indebtedness from plaintiff to defendant. Plaintiff's appeal follows.

The appellant has properly assigned error as to the findings of fact made by the court as to the ownership of the lots adjudged to be defendant's separate property. Plaintiff also assigned error as to the findings and conclusions of the court as to the notes sued on in cause No. 11324, and as to the judgment.

Appellant states two points as basis for the claimed error as to the ownership of Lot 10, Block 95, Original Town of Hobbs, involving assignments of errors 1 to 8, inclusive. The two points are argued together and challenge the finding of the court that the property just described is the separate property of defendant, but is subject to a lien in favor of plaintiff for $700, that amount being one-half of community funds used in the payment of the balance of the purchase price remaining after an initial payment of $2,300 had been made by defendant from his separate property; and that plaintiff is indebted to defendant for rents collected from the described property since July, 1953, at the rate of $65 per month; and the conclusions of law made by the court based upon said findings. Appellant further claims error in the refusal of the court to give findings of fact and conclusions of law contrary to the findings and conclusions made by the court.

■ ■ The first point is, "Property acquired by purchase during the existence

152

of a marriage is community property under the laws of the state of New Mexico, even though some separate funds may have been used in making the purchase." The argument is that this result follows even when the purchase is made by one spouse by an initial payment from his separate funds.

This is in direct conflict with former decisions of this court. From Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010, 1020, we quote:

"Property acquired in community property states takes its status as community or separate property at the very time it is acquired, and is fixed by the manner of its acquisition. [Citing cases.] If property is acquired by the wife it is her separate property at that very time, and the fact that a part of the purchase money is later paid out of the community or separate estate of the other spouse does not alter such status. [Citing cases.]"

Two propositions of law are stated in the second of appellant's points. The first is that any property acquired by purchase during marriage is presumed to be community property; and the second is, in order to overcome the presumption, clear, strong and convincing proof to the contrary is necessary.

In section 57–4–1, N.M.S.A.1953, the presumptions as to ownership of property acquired after marriage by either husband or wife are stated. There are several exceptions. One of these is that where property is acquired by husband and wife by an instrument in writing in which they are described as such, the presumption as to community property does not obtain if a different intention is expressed in the instrument.

Appellant, in support of the contention that clear, strong and convincing testimony, a higher degree than a mere preponderance of evidence, is necessary, cites In re Trimble's Estate, 57 N.M. 51, 253 P.2d 805. The Trimble case was dealing with an apparently attempted transmutation of community property into real estate to be held in joint tenancy. The court held, Justice Sadler dissenting, that in order to effect the change, clear, strong and convincing evidence must be adduced as to the intention of the parties. The court also held that the evidence in that case did not meet the quantum of proof required.

We are not dealing here with a situation such as that which existed in Re Trimble's Estate, supra. We are dealing with the original acquisition of real estate where the testimony is conflicting as to the funds with which it was purchased. The purchase was made during the marriage and the court found, in effect, that the initial payment, about 62% of the purchase price, was paid by defendant from his separate funds, and that the community later advanced $1,400 to complete payment. By so holding, the court was taking the testimony

of the husband as convincing of the existing facts.

■ Where the acquisition of property has been involved, this court has stated in several cases that the presumption of community property may be overcome by a preponderance of evidence. Strong v. Eakin, 11 N.M. 107, 66 P. 539; Barnett v. Wedgewood, 28 N.M. 312, 211 P. 601; Carron v. Abounador, 28 N.M. 491, 214 P. 772; In re Faulkner's Estate, 35 N.M. 125, 290 P. 801; Roberts v. Roberts, 35 N.M. 593, 4 P.2d 920; McElyea v. McElyea, 49 N.M. 322, 163 P.2d 635.

■ We find substantial evidence supporting the findings of fact as to said Lot 10 and they will not be disturbed.

■ Appellant, for Point Three, states, "A husband who advances funds for the payment of a mortgage on and for the improvement of the separate property of his wife is not entitled to reimbursement in the absence of a specific agreement established by clear evidence."

The court found that Lots 6, 7 & 8, Block 95, Original Town of Hobbs, were the separate property of plaintiff who had filed her suit seeking a decree for the determination of property rights between herself and her former husband.

The court found that the defendant, a few days after the marriage of the parties, paid $700 to satisfy a mortgage against plaintiff's said lots. The court held, and we think properly so, that this payment was from defendant's separate funds and that he was entitled to collect the amount from plaintiff. The court further found that plaintiff's property was improved by the expenditure of the sum of $3,650 from community funds. The court took one-half that amount and added to it the sum of $700 paid on the mortgage, holding defendant entitled to collect the total sum of $2,525 from plaintiff. As security for defendant, the court impressed a lien upon the real estate above described and directed that, in case the indebtedness was not paid within a certain length of time, the property should be sold to satisfy the indebtedness.

Appellant's Point Three is not well taken. This court has previously ruled to the contrary in at least two very well-considered opinions.

In the first, Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010, 1022, Mr. Justice Brice, speaking of the rental value of a farm owned by the wife, said:

"This rental value could be set off against any claim appellant might have for his part of the community funds paid to settle appellee's separate mortgage debts."

In McElyea v. McElyea, 49 N.M. 322, 163 P.2d 635, 637, Mr. Justice Brice made a statement which adds force to all that is

said herein with respect to appellant's Points One and Two, and in its closing language fully covers appellant's Point Three:

"That the credit of the appellee belonged to the community was held in Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010; but we also held in that case that property acquired in New Mexico takes its status as community or separate property at the time and by the manner of its acquisition; and if a part of the purchase money is later paid by other funds than those of the owner of the property, whether of the community or an individual spouse, the owner is indebted to the source of such funds in that amount, but such payment does not affect the title of the purchaser."

This statement goes further than the statement quoted from Laughlin v. Laughlin, supra, in that it declares that the owner of separate property becomes indebted to his or her spouse for any separate funds of that individual expended upon that property. Such an indebtedness would not arise, however, if the improvements were made over the objection of the owner. Point Three must be ruled against appellant.

Appellant presents her Points Four and Five jointly. In effect, these points state that when the separate property of the wife is used for community purposes, the wife is entitled to reasonable rental value during its term of use by the community; and that in case the community has expended money in the improvement of that property, the wife is entitled to offset the reasonable rental value of the property against the claims for the benefit of the community for improvements.

Defendant claims that plaintiff can have no benefit from the rental value of her separate property used by the community for the reason that no such question, point or issue was raised by the pleadings of plaintiff. Appellee further objects saying that appellant is attempting to inject an extraneous issue into the case; and asserts that he had no opportunity to bring evidence before the court to contest this point.

The briefs and the record show that both plaintiff and defendant were interrogated as to the reasonable rental value of plaintiff's residence occupied by them and that both testified as to the monthly rental value. The minimum stated as such value was $80. The testimony was pertinent and admissible upon the question of the rights of the parties with respect to advances made by defendant appellee for the improvement of plaintiff's property.

As to defendant's claim that he had no opportunity to produce evidence on the question of rental value, we fail to see how any other evidence would have been of

any avail to defendant when he testified, admitting the occupancy, that the reasonable rental value of appellant's separate property used by the parties as a residence was $80 per month. The appellant had placed the rental at a higher amount.

■ Plaintiff requested a finding of the court to the effect that for the first five years of the married life of the parties they lived in the property just above described and that in any accounting as to the indebtedness of plaintiff to defendant on account of improvements made on that property, defendant should be charged with the reasonable rental value of the property, occupied as a residence by the community, $80 per month, making a total of $4,800.

The plaintiff properly reserved exceptions to the finding made and to the refusal of requested findings pertinent to the point.

It is admitted by the parties that the husband, the wife, and her two children by a previous marriage occupied the house belonging to the wife for a period of five years after their marriage. It was in evidence that the minimum reasonable rental value of the property so occupied was $80 per month.

We have previously said that defendant should recover from plaintiff the amount of money expended from his separate funds in the improvement of plaintiff's property. Plaintiff claims that she should be entitled to set off against defendant's lien the reasonable rental value of her separate property while occupied as a family residence.

Under the circumstances, we are of the opinion that plaintiff is not entitled to full rental value for the use of her separate property. The improvements placed upon plaintiff's property by defendant, and the paving paid for by him, made the rental value thereof higher than it previously had been, and increased the sale value of the property, and this increase will continue for years to come. Both parties benefited from the living arrangements made. Plaintiff and her two children had a better home in which to live than had formerly been the case or than would have been the case had they occupied the defendant's smaller house at 205 E. Park. Defendant received rentals from his separate property during this period.

■ Each of the parties having come into equity seeking equitable determination of property rights, will be required to do equity. The record in this case convinces us that the equities of the parties are virtually in balance and the claims of each should off-set those of the other.

■ With respect to cause numbered 11324, it is only necessary to say that the two notes in suit were executed for the purpose of perpetrating a fraud by one or the other of the parties thereto. The appel-

156

lant contends that the notes were executed by the parties to assist defendant in the perpetration of a fraud and she argues that the defendant is estopped to claim that the notes are void for want of consideration. On the other hand, it is argued by defendant that the notes were executed for the purpose of enabling plaintiff to perpetrate a fraud.

It is not claimed by either of the parties that there was any actual consideration about the matter of the execution of the notes. Whether the fraudulent purpose was that of the appellant or of the appellee, both knew that the notes were being executed for a fraudulent purpose and without consideration.

In this situation the court will leave the parties exactly as it found them. Delgado v. Delgado, 42 N.M. 582, 82 P.2d 909, 118 A.L.R. 1175. The trial court was correct in dismissing this cause.

The judgment with respect to cause No. 11426 should be reversed and remanded with instructions to the lower court to revise its judgment in accordance with this opinion. The judgment with respect to cause No. 11324 should be affirmed.

Each of the parties should bear one-half of the costs in this court.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and McGHEE, JJ., concur.