306 P.2d 258

**Albert C. MOUNSEY, Plaintiff-Appellant,**

**v.**

**The following named defendants by name, if living; if deceased, their unknown heirs; Edward STAHL, Margaret Corbett and Wm. R. Rice; and all unknown claimants of interest in the premises adverse to the plaintiff, Defendants-Appellees,**

**and**

**Shell Oil Company, a Corporation, Intervenor-Appellee.**

**No. 6090.**

Supreme Court of New Mexico.

Nov. 19, 1956.

Rehearing Denied Feb. 2, 1957.

Robert C. Dow, Lovington, for appellant.

Heidel & Swarthout, Lovington, for appellee Edward Stahl.

G. T. Hanners, Lovington, Paxton Howard, Carroll L. Thomas, Midland, Tex., for appellee Shell Oil Co.

McGHEE, Justice.

This case involves the ownership of mineral interests in Lea County, New Mexico, acquired by John J. Eisner, while married, and sold to the defendant Stahl by mineral deed in which Eisner's wife did not join.

Eisner resided in the State of New York during all of the time material to this case, where he operated a business of buying and selling mineral interests and oil and gas leases; but he also operated such a business in Houston, Texas, apparently during the fifteen years he operated the New York office.

Many years after the execution and delivery of the deed to Stahl, the plaintiff Mounsey paid Eisner $50 for a deed to the same mineral interests. It is on this latter deed Mounsey claims title to the interest, saying the deed from Eisner to Stahl was void because of the non-joinder of Mrs. Eisner therein. § 57–4–3, N.M.S.A.1953.

The Shell Oil Company intervened claiming it owned an oil and gas lease on the property through Stahl.

Judgment was rendered in favor of Stahl and the intervenor and this appeal followed.

■ It was stipulated New York is a common-law state and that earnings of the husband in that state were his separate property. In Texas, however, the earnings of a married couple constitute community property. The scant authority on the subject is that even though both husband and wife are residents, of a state following the common-law rule that such earnings are the separate property of the husband, their earnings in a community property state are community property. Trapp v. United States, 10 Cir., 1949, 177 F.2d 1; Hammonds v. Commissioner of Internal Revenue, 10 Cir., 1939, 106 F.2d 420; and In re Estate of Hale, San Francisco Super.Ct. 1906, 2 Coffey 191. Marsh, Marital Property in Conflict of Laws, p. 190.

■ It is settled law in New Mexico that property acquired in this state during coverture is presumptively community property, and one asserting it to be separate estate has the burden of establishing such fact by a preponderance of the evidence. In re Faulkner's Estate, 1930, 35 N.M. 125, 290 P. 801; Shanafelt v. Holloman, 1956, 61 N.M. 147, 296 P.2d 752.

The defendant Stahl and the intervenor made no showing whatever of the earnings of Eisner as the result of operating his Houston office, but contented themselves with the showing Eisner also had a New York office and at all times maintained his residence in New York. The evidence does

show that Eisner was worth approximately $15,000 when he married in 1928, and that as a result of his operations he was worth considerably more than $50,000 in 1934 when he executed and delivered the deed to Stahl.

We are of the opinion and hold the defendants had the burden of showing by a preponderance of the evidence the interest in question was purchased with separate funds earned by Eisner as a result of his operations in a non-community property state. He operated the two offices for the same length of time, and in view of that fact the defendant and intervenor could not stand mute on the Texas operation and its earnings. The finding of the trial court that the interest was purchased solely from earnings in New York is not supported by the record.

The defendant and intervenor having failed to overcome the presumption the mineral interest was community property, and the wife of Eisner not having joined in the deed, we must hold the deed from Eisner to Stahl was void. Jenkins v. Huntsinger, 1942, 46 N.M. 168, 125 P.2d 327.

The judgment will be reversed and the cause remanded to the District Court with instructions to vacate its former judgment and enter one for the plaintiff.

It is so ordered.

COMPTON, C. J., and LUJAN, SADLER and KIKER, JJ., concur.