[No. 36238. Department One. January 3, 1963.]

HENRY RUSTAD et al., Appellants, v. MATHEO O. RUSTAD et al., Respondents.*

*Reported in 377 P. (2d) 414.

*MacDonald, Hoague & Bayless,* by *Landon R. Estep,* for appellants.

*Elliott, Schneider & Smythe,* for respondents.

ROSELLINI, J.—This is a case in which the facts are not in dispute, and only a question of law is presented. That question is: Where husband and wife are living separate and apart because the wife is insane and confined in a mental institution in another state, is property acquired by the husband, other than by gift, devise, or bequest, community or separate property? The trial court held that it was the former.

The action is one to quiet title to certain parcels of land, situated in the state of Washington, which were deeded to the appellants by Marcus Rustad, who had come to live in Washington after his wife was committed to a mental hospital in North Dakota, and had purchased these properties in this state. The appellants are his relatives and knew that he was married and that his wife was incompetent and confined in a mental institution. No guardian had been appointed for her, and the deeds were signed by the husband only.

The respondents are the present guardian of the incompetent and the surviving children of Marcus and Matheo

Rustad. Marcus Rustad died in 1953, and his estate was probated as community property, but the parcels of land involved in this action were not inventoried in the estate by the appellant Henry Rustad, who was the executor. Since the properties were deeded to the appellants, they have paid the taxes which have been assessed against them.

In urging their position that the community property law should not be held to apply in this instance, the appellants make much of a theory that the domicile of Matheo Rustad did not follow that of her husband when he moved to Washington, but remained in North Dakota, which has no community property law. Whatever may be the validity of this theory, it does not answer the question here. The appellants do not suggest that where husband and wife are domiciled in different states, an automatic dissolution of the marriage results, nor would such a suggestion be tenable.

 It is the well-established rule that all questions as to the legal effect of a conveyance are determined by the law of the state of situs of the land. 2 Beale, The Conflict of Laws, 942, § 220.1; 1 Goodrich on Conflict of Laws (3d ed.) 378, § 122, and p. 453, § 148; Restatement, Conflict of Laws (Sup.) Wash. Anno. 93, Immovables, § 214 *et seq.*

In his treatise, at page 454, Judge Goodrich says:

" . . . It may be stated as a general rule that the validity of a disposition of real property depends upon the law of the state where the property is situated. Story states it broadly: 'All the authorities in England and America . . . recognize the principle in its fullest import, that real estate, or immovable property, is exclusively subject to the laws of the government within whose territory it is situate.' "

 In this state, the situs of the land in question, the applicable rules are:

(1) The community or separate character of real property is determined by the character of funds used in its purchase. *Brookman v. Durkee,* 46 Wash. 578, 90 Pac. 914.

(2) All property acquired by either of the spouses during coverture is presumptively community property, and the

burden is upon the party who contends that it is separate property to prove otherwise. *Hamlin v. Merlino,* 44 Wn. (2d) 851, 272 P. (2d) 125; *Jones v. Duke,* 151 Wash. 108, 275 Pac. 72.

(3) All property acquired after marriage, except by gift, devise, or descent, is community property. *In re Allen's Estate,* 54 Wn. (2d) 616, 343 P. (2d) 867, and cases cited therein. However, personal property acquired by a spouse while domiciled in a jurisdiction where, by law, the property was separate property, retains that character when it is brought within this state. *Brookman v. Durkee, supra; In re Gulstine's Estate,* 166 Wash. 325, 6 P. (2d) 628.

(4) The title to real estate acquired by a married man becomes fixed and vests at the time of its acquisition as separate or community property, unless changed in some manner recognized by law. *In re Gulstine's Estate, supra.*

(5) Separate property acquired by a married man in another state and brought by him into this state and intermingled with funds accumulated in this state, with no effort to keep them separate, becomes community property. *In re Gulstine's Estate, supra; Hamlin v. Merlino, supra; In re Dougherty's Estate,* 27 Wn. (2d) 11, 176 P. (2d) 335.

█ The appellants concede the rule to be that community real property cannot be conveyed by the husband without the signature of the wife or her guardian.

Applying the law to the facts of this case, we find that, while Marcus Rustad may have brought with him separate property acquired in North Dakota, that property was thereafter commingled with property accumulated by him while he was domiciled in this state; and no attempt has been made by the appellants to show that the properties involved in this action were purchased with separate funds of Mr. Rustad which were brought from another state. Consequently, the burden of proving that the properties, which were acquired by him during coverture by purchase, were his separate estate, rather than community, has not been sustained. Therefore, the conveyances signed by Marcus Rustad alone were void.

The appellants cite such cases as *MacKenzie v. Sellner,* 58 Wn. (2d) 101, 361 P. (2d) 165; *In re Armstrong's Estate,* 33 Wn. (2d) 118, 204 P. (2d) 500; and *Togliatti v. Robertson,* 29 Wn. (2) 844, 190 P. (2d) 575, in all of which we held that the community property laws will not be applied to a defunct marriage. In each of those cases, there was some action on the part of the spouses which indicated that they had renounced the marriage relationship. Here, the wife was merely confined to a hospital because of mental illness. It is true that she was confined for life, and it may also be true that her husband could have obtained a divorce because of her insanity. But he did not choose to do so; and the record is devoid of any evidence that he ever renounced or denied the marriage relationship. On the contrary, according to the record, he served as guardian of her estate after 1950, and his will, executed in his later years, made provision for her as his wife. The rule set forth in the cited cases is therefore not applicable here.

The appellants urge that they should be reimbursed for the taxes which they paid on the properties; and the respondents' attorney stated in open court that if the judgment should be affirmed, this reimbursement would be made. This commitment on the part of the respondents, which we accept, renders it unnecessary for the court to decide the legal question involved.

As thus modified, the judgment quieting title in the respondents, as their interests appear, is affirmed.

FINLEY, C. J., HILL, and WEAVER, JJ., concur.