Argued and submitted December 8, 1981, affirmed March 16, 1982

# KELLER,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
*Respondent.*

## (OTC 1394, SC 27903)

642 P2d 284

Lee A. Hansen, Portland, argued the cause for appellant. With him on the brief was Brown, Hansen & Steenson, Portland.

Elizabeth S. Stockdale, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Dave Frohnmayer, Attorney General, Salem.

LINDE, J.

## LINDE, J.

Plaintiff, an Oregon resident whose husband lives and works in the state of Washington, appeals from a decision of the Oregon Tax Court affirming the inclusion of one-half of her husband's Washington earnings in plaintiff's gross income for the years 1975 through 1977. 9 OTR 67 (1981). Plaintiff maintains that under Washington's community property law she acquired no interest in her husband's earnings. We affirm.

The stipulated facts are that during the years in question, Mrs. Keller lived and worked in Seaside, Oregon, and Mr. Keller lived and worked in Centralia, Washington. There was no discord in the marriage. The Kellers filed joint federal income returns, and Mrs. Keller filed separate Oregon returns reporting her own employment income but none of her husband's Washington earnings.

Oregon imposes a tax on its residents "measured by taxable income wherever derived." ORS 316.007. Taxable income in Oregon is defined as federal taxable income with certain modifications, ORS 316.048, but when only one spouse lives in Oregon and files a separate return, the Oregon tax is computed as if the taxpayer's federal adjusted gross income had been determined separately. ORS 316.122(3). A rule of the Department of Revenue declares that "[a]n Oregon taxpayer whose spouse resides in a community property state is taxable upon a share of his spouse's community property income which is considered earned by the Oregon taxpayer according to the laws of the community property state." OAR 150-316.048. The issue, therefore, is whether a part of Mr. Keller's earnings in Washington belonged to Mrs. Keller under Washington's community property law, and if so, whether anything precludes Oregon from requiring her to pay an Oregon income tax thereon.

Community property in Washington includes all property "acquired after marriage by either husband or wife or both" other than by gift, bequest, or inheritance. RCW 26.16.030. The earnings of each spouse are separate property, however, "[w]hen a husband and wife are living separate and apart." RCW 26.16.140.

■ Plaintiff first contends that Washington's community property law does not apply unless both spouses are domiciled in Washington, in fact or by attributing the husband's domicile to the wife, and she argues that ORS 108.015 precludes the latter.[1] But we do not understand Washington law to tie a wife's community property rights to a Washington domicile. *Rustad v. Rustad,* 61 Wash 2d 176, 377 P2d 414 (1963), recognized that a woman committed for life to a mental institution in North Dakota acquired community property rights in the acquisitions of her husband who moved to Washington after her commitment. There is no suggestion in *Rustad* that the result hinged on whether the wife remained domiciled in North Dakota; to the contrary, the court stated that "[w]hatever may the validity of this theory, it does not answer the question here." 61 Wash 2d at 178, 377 P2d at 415. Plaintiff has found no Washington decision that expressly requires a Washington domicile for acquiring community property rights in a spouse's Washington earnings, and without such a precedent the rule does not strike us as a likely interpretation of RCW 26.16.030.[2]

---

[1] ORS 108.015:

"(1) Each married person may establish and maintain a domicile in the State of Oregon as if that person were not married.

"(2) The domicile of a minor shall follow the domicile of the parents of the minor unless the parents establish separate domiciles. If the parents establish separate domiciles, the minor's domicile shall be that of the parent with whom the minor resides. However, if there has been a legal separation, the minor's domicile shall be that of the parent to whom custody of the minor has been legally given."

[2] In a case involving the interest of a wife who resided in Canada in her husband's earnings in California (a community property state), a federal court described the wife's interest in her husband's income as being determined by the law of domicile where earned and not by the law of matrimonial domicile. *Commissioner of Internal Revenue v. Cavanagh,* 125 F2d 366, 368 (9th Cir 1942).

The Supreme Court of New Mexico, on "scant authority," has stated that

"even though both husband and wife are residents of a state following the common-law rule that such earnings are the separate property of the husband, their earnings in a community property state are community property . . . ."

*Mounsey v. Stahl,* 62 NM 135, 136, 306 P2d 258, 259 (1956).

An article in an early volume of the Washington Law Review, though not specifically on Washington law, stated that "generally. . . the law of the husband's domicile at the time of acquisition determines the rights of the spouses to

■ ■ Washington decisions also do not support plaintiff's claim that she and her husband were "living separate and apart" within the meaning of RCW 26.16.140. The words "and apart" were added to the previous phrasing of this section in 1972 in accordance with judicial opinions that had used both words in order to distinguish between the mere fact of separate residences and a separation due to a breakup or abandonment of the marital relationship. Only the latter causes the spouses' acquisitions in Washington to be separate rather than community property. *Compare Kerr v. Cochran,* 65 Wash 2d 211, 396 P2d 642 (1964) and *Togliatti v. Robertson,* 29 Wash 2d 844, 190 P2d 575 (1948) with *Rustad v. Rustad, supra,* and *Hokenson v. Hokenson,* 23 Wash 2d 908, 162 P2d 592 (1945).[3] It is stipulated that nothing of the kind had occurred to the marriage in this case. Nothing in the Washington cases suggests that if Mrs. Keller, under a different motivation than to save Oregon taxes, were to assert community property rights to her husband's earnings in that state, the Washington courts would not hold those earnings to be community property.

■ ■ Finally, plaintiff claims that to tax her community property share of her husband's earnings "discriminates against plaintiff because of her status as a wife," contrary to Oregon Constitution, article I, section 32.[4] The argument is based on the premise that if the spouses' residences were

---

post-nuptial movables." Horowitz, *Conflict of Laws in Community Property,* 11 Wash L Rev 212, 215 (1936). The author observed that when the husband's domicile is in a common-law jurisdiction this rule produces unsatisfactory results contrary to marital partnership interests in assets acquired in a community property state, and he suggested that one could choose between the law of the domicile or of the state of acquisition whichever would create such marital partnership interests. *Id.* at 219-20.

   [3] Cross, *The Community Property Law in Washington,* 49 Wash L Rev 729, 750-53 (1974), suggests that the marriage is "defunct" and community property acquisitions end when both spouses accept or acknowledge that the separation is terminal.

   [4] Or Const art I, § 32:

   "[A]ll taxation shall be uniform on the same class of subjects within the territorial limits of the authority levying the tax."

Plaintiff also assails the tax as "so palpably arbitrary or unreasonable as to infringe the 14th amendment," quoting *Lawrence et al. v. State Tax Comm'n,* 286 US 276, 52 S Ct 556, 76 L Ed 1102 (1932).

reversed, Mr. Keller would not be taxed on Mrs. Keller's Washington earnings because Washington law would regard her domicile as that of her husband's in Oregon. That merely repeats the argument about the role of domicile in Washington community property law which we have already found unsupported by that state's community property decisions.[5]

The decision of the tax court is affirmed.

---

[5] Even assuming plaintiff's premise, the Oregon tax would not be a denial of equal protection unless Washington's community property law, which the tax simply follows, is unconstitutional. We are not inclined to interpret another state's law in a manner designed to invite us to declare it unconstitutional.