[No. 3475. Sept. 12, 1930.]

CONLEY v. DAVIDSON.

[291 Pac. 489.]

See, also, 283 P. 52.

Reid, Hervey, Dow & Hill, of Roswell, for appellant.

O. E. Little, of Roswell, for appellee.

CATRON, J.

### OPINION OF THE COURT

From a judgment awarding plaintiff damages resulting from breach of contract by defendant, appeal is taken.

Appellant and appellee entered into a written contract for the trade or exchange of real estate. The contract prescribed the basis of the trade, provided for furnishing abstracts showing good and merchantable title, giving possession, and delivering deeds. The property sought to be traded by appellant was community property. He executed and tendered a deed to appellee, which appellee would not accept because appellant's wife had not joined in its execution. Both appellant and appellee endeavored to induce appellant's wife to execute the deed and consummate the contract, but to no avail. Thereupon appellee sued appellant for breach of contract and was awarded damages in the sum of $2,716.25.

Appellant contends that the contract of exchange, involving community property of appellant and his wife, is void and of no effect, and relies upon section 68—403, Comp. 1929, which is as follows:

"The husband has the management and control of the personal property of the community, and during coverture the husband shall have the sole power of disposition of the personal property of the community, other than testamentary, as he has of his separate estate; but the husband and wife must join in all deeds and mortgages affecting real estate; Provided, that either husband or wife may convey or mortgage separate property without the other joining in such conveyance or mortgage; and, Provided, further, that any transfer or conveyance attempted to be made of the real property of the community by either husband or wife alone shall be void and of no effect, except, that the husband may convey directly to the wife or the wife to the husband without the other joining in the conveyance."

The foregoing statute provides that the husband and wife must join in all deeds and mortgages affecting community real estate, and that transfers or conveyances thereof attempted to be made by either husband or wife alone shall be void and of no effect.

The contract in the present case is neither a deed nor a mortgage, nor does it attempt to transfer or convey real estate. It is an executory contract by the husband alone, whereby he binds himself to do certain things. Manifestly the statute can have no application to the contract, unless it be in a case involving specific performance thereof.

But appellant cites Adams v. Blumenshine 27 N. M. 643, 204 P. 66, 20 A. L. R. 369, as supporting his contention. The foregoing case had for its object specific performance of the husband's contract to sell and convey community real estate. On page 650 of 27 N. M., 204 P. 66, 68, we held:

"If the premises were community property, then it became necessary for both husband and wife to join in any deed conveying the same under the provisions of chapter 84, Laws 1915, and any transfer or conveyance of the same attempted to be made by the husband alone was void and of no effect. If a transfer or conveyance of the property by these husbands without their wives joining would be void and of no effect, then a contract to make such a transfer or conveyance would likewise be void and of no effect, at least so far as specific performance of the contract is concerned."

Based upon the foregoing, appellant apparently contends that, if a deed in the present case executed by the appellant alone would be void and of no effect, then the contract to make such deed would likewise be void and of no effect.

There is no merit in this contention, for the present suit is for damages resulting from a breach of contract and not for specific performance thereof. This distinction was suggested in the Adams Case.

Appellant argues that, because he acted in good faith and honestly endeavored to carry out his contract, the inability to do so nôt resulting from any fault of his but solely by reason of the refusal of his wife to execute the deed and thereby consummate the contract, he is liable only for damages in the amount of the purchase money paid, interest thereon, and necessary expenses incurred by appellee. This is generally known as the good-faith rule. 27 R. C. L. 633, § 390.

If this contention be correct, then, no .purchase money having been paid, appellant's only liability for breach of his contract would be the necessary expenses incurred by appellee, which the record discloses would not exceed $10.

The general rule is that the purchaser is entitled, as general damages for the refusal or inability of the vendor to convey, to recover the difference between the actual value of the land and the agreed price to be paid therefor. This is generally known as the loss of bargain rule. 27 R. C. L. 631, § 388. This rule when applied to contracts for exchange of land where neither party has conveyed is stated as follows: Plaintiff is permitted to recover the difference between the value of the land which he was to convey and that which he was to receive. This is the rule adopted by the trial court in determining the damages awarded.

Appellant does not contend that under the good-faith rule he is absolved of all damages, but he does contend that the wrong measure of damages was used and thereby a nominal damage of $10 was raised to $2,716.25.

That the authorities are much in conflict as to the good-faith rule and the application thereof is apparent from reading the case of Crenshaw v. Williams, 191 Ky. 559, 231 S. W. 45, and the exhaustive note thereto, 48 A. L. R. 5-12, et. seq. See, also, 27 R. C. L. "Vendor and Purchaser," §§ 388-391.

As interesting as it might be, in the light of our statutory limitations upon the power of disposition of community real estate, to determine whether the good-faith rule should, or could, apply in this state, yet we do not consider it necessary to a disposition of this case, for, under the view we take, the facts do not bring the present case within the rule.

At the conclusion of the trial, appellant requested the trial court to find:

"That the defendant (appellant) acted in entire good faith through the entire transaction and it was through no fault of his that his said wife would not execute the said deed."

This finding was refused by the trial court, and in lieu thereof the court found:

"That the said contract of exchange was not signed by the wife of the defendant (appellant) because defendant at that time assured plaintiff (appellee) that it was not necessary for his said wife to sign said contract, and that plaintiff did not know or have any reason to believe that said Hugh Gage property at Hope, New Mexico, was the community property of defendant and his wife."

Appellant certainly knew at the time he executed the contract of exchange that the property by him contracted to be exchanged was community property. He also knew, or should have known, that he had no title which he alone could convey. Nevertheless he contracted to convey the property.

In our opinion, the refusal of the trial court to find as requested by appellant and the finding made by the trial court constitutes a finding of lack of good faith on the part of appellant in entering into the contract. It is entirely immaterial how much good faith the appellant may have exercised after the execution of the contract in an endeavor to have it carried out. The element of good faith necessary to bring the case within the good-faith rule extends to the execution of the contract itself.

In 27 R. C. L. "Vendor and Purchaser," § 389, we find the following:

"The rule permitting the purchaser to recover for the loss of his bargain has been applied where the vendor entered into the

contract knowing that he had no title or that his title was defective, and also where he should have known that he was unable to perform. * * *"

In section 390, Id., we find the following:

"A distinction is usually made as regards the general damages recoverable between cases where the vendor acts in good faith in entering into the contract and cases where good faith is wanting. In the former case it is held that the measure of damages is the amount of the purchase money paid with interest, thereby denying to the purchaser any recovery for the loss of his bargain. This is the rule laid down in the early English case of Flurean v. Thornhill (2 W. Black. 1078) decided in 1775 and subsequently followed in that country, and has been adopted in most jurisdictions in this country, and in Canada."

See, also, Crenshaw v. Williams, 191 Ky. 559, 231 S. W. 45, 48 A. L. R. and notes, page 12 et seq.

From the foregoing, it is apparent that the good-faith rule contended for by appellant has no application in the present case, and therefore there is no merit in appellant's contention.

■■■ Appellant insists that the evidence does not support the damages awarded and that the judgment is excessive. Findings of fact Nos. 6, 7, and 8 are as follows:

"6. That the reasonable value of the said Roswell property, at the time conveyances were to be made by said contractual parties, was the sum of $4,700.00, and the value of the said Hugh Gage property, at Hope, New Mexico, was the sum of $3,500.00.

"7. That plaintiff, by the terms of said contract was to receive the said Hugh Gage property at Hope, New Mexico, for his equity in said Roswell property after the liens thereon had been reduced to $4,000.00; that said equity was the sum of $700.00 as shown above; that said $700.00 plus the $83.75 which plaintiff was to pay upon the liens against said Roswell property, or the sum of $783.75, constituted the price or consideration to be paid for said Hugh Gage property by plaintiff.

"8. That plaintiff has been damaged, therefore, by the defendant's refusal to perform said contract, in a sum equal to the difference between the value of said Hugh Gage property, $3,500.00, and the aforesaid $783.75, being the sum of $2,716.25."

The transcript of testimony unquestionably contains substantial evidence to support the findings of the trial court. As we have repeatedly held under such circumstances, findings of fact will not be disturbed on appeal. The judgment rendered is supported by the finding of fact, and therefore is not excessive.

This disposes of all of appellant's contentions, and requires an affirmance of the judgment of the trial court.

 Appellee, however, contends that the trial court committed error against him, and that under finding No. 9 of the trial court he should have been awarded judgment for an additional $500 damages.

Appellee relies upon section 2 of rule 15 of the rules of Appellate Procedure. Appellee has clearly misconstrued the rule. In Ortega v. Ortega, 33 N. M. 605-612, 273 P. 925, 927, we held:

"Under our system of appellate procedure, it is usually only those errors committed against the losing party which are considered. Obviously errors may be, and often are, committed against the prevailing party. Of those errors he has no reason to complain so long as the judgment is wholly favorable to him. *When that judgment has been reversed,* why should he not have the same opportunity to complain that he would have had if he had lost?

"In recognition of this imperfection in our system, we recently adopted App. Proc. Rule 15, § 2, as follows:

" 'In causes tried without a jury, the appellee or defendant in error may point out in his brief any errors the court may have committed against him, and this court will consider whether notwithstanding error against appellant or plaintiff in error, the judgment should be affirmed; or, because of the errors committed against appellee or defendant in error, he may be entitled to a new trial.'

"That rule would seem to require of the losing party that he preserve and present to this court error against him if he wishes to contend *that its effect is to save an erroneous judgment in his favor* or *to entitle him to a new trial if his judgment is reversed.*"

Inasmuch as appellee's judgment is not erroneous, but is here affirmed, the foregoing rule has no application.

Finding no error, the judgment of the trial court will be affirmed, the cause remanded, and it is so ordered.

WATSON and PARKER, JJ., concur.

BICKLEY, C. J., and SIMMS, J., did not participate.