No. 29,626.

Georgia Burger, *Appellee*, v. The City of Wichita and The Martin-Day Construction Company, *Appellants*.

(294 Pac. 670.)

Opinion filed January 10, 1931.

*A. V. Roberts, Vincent F. Hiebsch* and *Roger P. Almond,* all of Wichita, for the appellants.

*John B. Bryant,* of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This action is one to recover damages to vacant city property caused by widening a drainage ditch and depositing the earth taken therefrom on the street in front of the property owned by the plaintiff. Judgment was rendered in favor of the plaintiff and against the defendants and each of them. They appeal.

The court made the following findings of fact and conclusions of law:

"I am finding for the plaintiff and against both defendants in this case in the sum of $500; $50 for damage for damming up water and causing it to stand upon the lots, and $450 for filling up the street and depriving the owner of entrance to the property on the east."

The following facts were established by the evidence: The plaintiff was the owner of certain real property in the city of Wichita extending from Swan street on the east through a block to Linwood Drive on the west. East of Swan street there was a drainage ditch running north and south through the city of Wichita. The city, under the direction of the city engineer, widened that ditch and deposited the dirt taken therefrom on Swan street, thereby raising the surface of that street from five to eight feet and causing surface water falling on the property of the plaintiff to stand thereon. Before the dirt was deposited on the street the plaintiff's property and the street were on the same level; afterward the dirt deposited on the street stopped the plaintiff's going into and coming out of her property from and onto Swan street. No grade was fixed for that street, either before or after that time.

1. The defendants contend that they are not liable because the city had absolute control over the street and because no grade had been established thereon. It is true that the city had control of the street, but that control should have been exercised in obedience to the purpose for which the street had been dedicated and in the manner authorized by law. The city could improve the street, but not destroy it except by vacating it. Here the city in effect destroyed the street so far as its use by the plaintiff was concerned. The city did not proceed in the manner provided by law for the purpose of establishing a grade for the street. No grade

was established by what was done. The city destroyed a part of the value of the property of the plaintiff by making the street a place in which to dump the dirt taken from the drainage canal. If more ground was required for the drainage canal, that should have been obtained by proper proceedings, not by destroying the street. It may be conceded that the city could have established a grade and then could have done such work as was necessary to bring the surface of the street to that grade. That was not done. What was done in effect destroyed the plaintiff's right of ingress and egress and thereby took part of her property rights without compensation to her for the purpose of making a place to dump the dirt taken from the drainage canal.

2. Complaint is made of the admission of evidence to show the value of the property of the plaintiff before and after the deposit of dirt was made thereon. The testimony of which complaint is made consisted of that given by persons living in the vicinity concerning the value of the property before and after the deposit of dirt had been made. Objection is made that it was not shown they were competent to testify as experts concerning the value of the lots. It has been held that farmers who dwell within the vicinity of a particular farm, who are acquainted with it and know its capacities, and who testify they know its value, may give their opinion concerning that value, although they may not know of any sale of any farm in that vicinity. (*K. C. & S. W. Rld. Co. v. Ehret,* 41 Kan. 22, 20 Pac. 538; *K. C. & S. W. Rld. Co. v. Baird,* 41 Kan. 69, 21 Pac. 227; *K. C. & S. W. Rld. Co. v. Hurst,* 42 Kan. 462, 465, 22 Pac. 618; *O. O. C. & C. G. Rld. Co. v. Fisher,* 42 Kan. 675, 22 Pac. 713; *Railway Co. v. Weidenmann,* 77 Kan. 300, 94 Pac. 146.) The evidence objected to in the present instance comes within the rule declared in the cases cited.

3. Complaint is made of the allowance of damage for damming water on the lots. Before the deposit of dirt was made water drained off the lots fairly well. After the deposit was made surface water stood on them. The city by its procedure in depositing the dirt taken from the drainage canal in the street rendered itself and the construction company, which was operating under the direction of the city, liable to the plaintiff for all the injury to her property caused by such deposit. That included the injury caused by surface water standing on the lots.

The judgment is affirmed.