163 P.2d 635

McELYEA v. McELYEA.

No. 4895.

Supreme Court of New Mexico.

Oct. 18, 1945.

Edwin Mechem and R. R. Posey, both of Las Cruces, for appellant.

R. C. Garland and W. C. Whatley, both of Las Cruces, for appellee.

BRICE, Justice.

This action was brought to determine the interests of the respective parties (formerly

husband and wife) in certain real and personal property held in the name of one or the other of them.

From the trial court's elaborate findings, we select the following as the ultimate facts necessary to a decision.

The parties to this suit were married November 5, 1925, and permanently separated April 28, 1944. At the time of their marriage the appellee owned a farm (thereafter sold for $7000 in excess of a mortgage debt by it secured); crops growing thereon at that time, subsequently sold for $10,000; mortgage notes and accounts aggregating $8,500; a total of about $25,000. The appellant owned no property at that time. No finding discloses that either party was indebted in any sum.

In January 1926 the appellee purchased a 115 acre farm for $18,000; $10,000 of which was paid in cash out of his separate funds and the balance of $8000 was settled by the assumption of notes ($3,000 and $5,000 respectively) secured by mortgages on the purchased property. Immediately after appellee acquired this farm he cleared and levelled it for irrigation, with funds he owned prior to his marriage, and produced crops thereon in 1926 and after. The trial court found that the mortgage debts aggregating $8000 were paid partly out of "the rents, issues and profits" of that farm, and the balance with the proceeds of a mortgage note thereby secured on which there was a balance due of $6100 at the time of trial; also he inconsistently found that the $5000 note was "afterwards paid from the rents, issues and profits" of the purchased lands.

In 1929 the appellee purchased 9.42 acres of land adjoining this farm with the "rents, issues and profits" of the 115 acre farm above referred to.

Thereafter the appellee purchased a 94 acre farm and paid therefor with the "rents, issues and profits" derived from the 115 acre farm, with the exception of a $3000 mortgage debt thereon, which he assumed.

In 1935 the appellant, with the acquiescence of appellee, assumed management and control of this farm, and received all rents and proceeds derived from the crops grown thereon, out of which she paid the operating expenses. It was sold for $7000 in 1941, the purchaser assuming the mortgage debt of $3000 and interest, by it secured. Appellee gave to appellant his interest in the $7000 net proceeds derived from this sale, out of which she purchased a home in El Paso, Texas, and the balance of $3800 was deposited to her account in an El Paso bank.

All improvements, alterations and repairs made on the 115 acre farm were paid for by the appellee "from the rents, issues and profits" received from it, except its preparation for irrigation.

There was cotton on hand at the time this suit was instituted, produced from this farm, which was subsequently sold for $17,872.04. Of this amount a balance of $4061.69 remained to appellee's credit at a Las Cruces bank at the time of trial. There

is no finding regarding appellee's disposition of the balance.

The court's 18th Finding is in the following words: "During the period of their marriage, the farms and property of the parties were operated and made to produce through the joint efforts and planning of the parties; that rents, issues and profits from the different properties from time to time were commingled by the parties and handled as their joint property; that the parties made purchases of equipment, farm machinery, furniture, shares of capital stock of companies, and other personal property without apparent attempt to segregate or keep separate their interests in such. In this case, the parties have not traced their separate funds into the personal properties so purchased and acquired, including the furniture in the home, the farm equipment, the 1941 Dodge automobile, the International pick-up truck and certain shares in the Lawrence Walker Cotton Company, etc."

Each of the parties has assigned error. It is the contention of appellant that she is entitled to a community interest in the 115 acre farm, 12 shares of the capital stock of the Lawrence Walker Cotton Co., the proceeds of the 1943 cotton crop, including cash in bank, all held by the trial court to be the separate property of appellee; and that a certain Dodge automobile held to be community property, she asserts is her separate property. These claims of appellant will be first considered.

The 115 acre farm was purchased by appellee in January after the parties were married in November. No community property had been accummulated at that time. Of the $18,000 consideration paid and contracted to be paid for it, appellee paid $10,000 out of his separate funds and assumed payment of $8000 in mortgage notes secured by the land, so the court finds; and the evidence, though attacked, substantially supports the finding.

That the credit of the appellee belonged to the community was held in Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010; but we also held in that case that property acquired in New Mexico takes its status as community or separate property at the time and by the manner of its acquisition; and if a part of the purchase money is later paid by other funds than those of the owner of the property, whether of the community or an individual spouse, the owner is indebted to the source of such funds in that amount, but such payment does not affect the title of the purchaser.

It is not claimed that the community is entitled to a lien for funds advanced in payment of these mortgage debts, but it is asserted that appellant is *an owner of an interest in the land*. The greater part of the consideration was paid in cash and the balance was represented by mortgage debts secured by the land, which were assumed by the appellee. His credit, it is true, belonged to the community (Laughlin v. Laughlin, supra), but the trial court could consistently assume that no credit was used in this instance. The mortgage debts were in existence at the time of the purchase, and the value of

the land was more than double the assumed debts. The liability of the community was so remote, and the probability of its being called upon to pay the debt so unlikely, that we will not disturb the conclusion of the trial court that the debt assumed was the separate debt of the appellee and so intended to be at the time of purchase. If any part thereof was subsequently paid by the community, or if the land was subsequently improved with community funds, then appellee became indebted to the community in the amount so expended. But the community did not by reason thereof, become part owner of the property. It belonged to appellee from the time it was purchased. Laughlin v. Laughlin, supra.

 The court concluded that all property mentioned in his 18th Finding of Fact belonged to the community except "12 shares of the capital stock of Lawrence Walker Cotton Company, standing in plaintiff's (appellee's) name." This the trial court concluded was the appellee's separate property. We are unable to follow the trial court's reasoning in this. As we construe that finding, these shares were not obtained by any different mode or funds than that of the other property mentioned in the 18th Finding, held to belong to the community. We are of the opinion that the trial court erred in not holding that these shares were community property.

 The trial court included the Dodge automobile as having been purchased by the commingled (community) funds, although he had previously found that it was purchased by the separate funds and property of the appellant. Inasmuch as there is evidence supporting both findings, we feel constrained to sustain the conclusion of the trial court that the automobile was community property.

The appellant asserts that the trial court erred in holding "the proceeds from their (the parties hereto) 1943 cotton crop and monies in the bank and elsewhere, were the separate property of Oscar C. McElyea."

We have carefully examined the conclusions of the trial court and do not find that this contention is correct. The trial court did hold that the cash on hand, amounting to $4061.69 was the property of appellee.

[5] This was the balance left in bank, remaining of $17,872.04 for which the 1943 cotton crop (the last made by the parties), was sold. It probably would not have been difficult at the time of the trial for the court to have determined the rental value of the land, and to have allowed the appellee therefor as his separate property. There is evidence to the effect that such rental value for 1943 was $25 per acre and that there were 111 acres of land in cultivation. The court would have been justified in finding that the rental value for 1943 was as much as $2775. The rental value was the separate property of appellee and the remainder of the proceeds derived from the sale of the crop belonged to the community. Laughlin v. Laughlin, supra.

There is neither evidence nor findings to advise us the disposition made of the remainder of the 1943 cotton funds, without which we cannot determine the interest of the parties in the funds in bank. There is an inconclusive presumption that these funds belong to the community; but appellee may be able to show that he is entitled to some or all of the rental value of his land for 1943 out of this cash deposit. Roberts v. Roberts, 35 N.M. 493, 4 P.2d 920. The question of the ownership of the funds in bank will be submitted to the trial court for its further consideration.

We dispose of appellee's assignments as follows:

The appellee asserts that the attempted gift of the 94 acre farm to appellant was not effective to transfer title. We need not decide that question. There is evidence that he gave her the proceeds received from its sale, which we deem to be substantial. The trial court did not err in holding appellant was the owner of the $7000 net proceeds of the sale of that farm, a part of which was used by her to buy property in El Paso, Texas, and the remainder deposited in a bank to her account. The evidence substantially proves that these funds were given to her by appellee.

The trial court found that appellee gave to appellant the proceeds obtained from the operation of the 94 acre farm, with a part of which she purchased a small tract of 0.69 of an acre of land, the title to which was taken in her name. The conclusion below was that this small tract of land was the separate property of appellant. This finding is supported by substantial evidence, so it follows that the conclusion is correct.

Regarding the 9.42 acre tract of land, the finding of the trial court is that it was purchased with the "rents, issues and profits" derived from appellee's farm, and that it was operated by the community.

Our statute, Sec. 65-305, N.M.Sts. 1941, provides: "All property owned by the husband before marriage, and that acquired afterwards by gift, bequest, devise or descent, with the *rents, issues and profits thereof* is his separate property." (Our emphasis.)

We held in Laughlin v. Laughlin, supra [49 N.M. 20, 155 P.2d 1013], that "rents, issues and profits," mean rental value, or rents.

The court concluded from the facts stated that appellee owned this small tract, and it does not appear that appellant has contested this conclusion, although appellee has argued the question in his brief. We of course, will not disturb the trial court's conclusion.

The trial court found that the five shares of the capital stock of the Farmers Compress Company standing in appellant's name on the books of that corporation, were given to her by a third person; and as the finding is supported by substantial evidence, the conclusion of the trial court

that the shares are the separate property of appellant will not be disturbed.

The trial court held that the other personal property mentioned in finding No. 18, quoted herein, was bought with commingled funds which belonged to the community. No attempt was made by either party to trace their separate funds into this property. The trial court's conclusion that all such property belonged to the community will not be disturbed.

The appellee has been more than generous toward appellant. Many thousands of dollars to which he was entitled as rental value of his farm over 18 years were deposited in a joint bank account, and used by the community, or by the parties for their individual purposes. He gave appellant the proceeds derived from the sale of the crops from his 94 acre farm for several years, and upon its sale gave her the $7000 consideration received for it. As is usual in such cases, he thought he was married for the life of the parties and made no preparation for the protection of his separate income. Because of these facts the appellee will not be required to pay appellant's attorney's fees in this court.

The decree of the district court is affirmed, except as it applies to the twelve shares of Lawrence Walker Cotton Company stock in appellee's name, which we hold is community property, and as to the $4061.69 bank deposit which is remanded for reconsideration.

The cause is reversed with instructions to the district court to reform its decree to include the twelve shares of Lawrence Walker Cotton Company stock as community property; and to determine the ownership of the $4061.69 mentioned, in the trial of which the parties should be permitted to introduce new evidence as they may be advised. The costs of this court incurred will be apportioned equally between the parties.

It is so ordered.

MABRY, C. J., and SADLER, BICKLEY, and LUJAN, JJ., concur.