379 P.2d 784

Rose K. MOORE, Plaintiff-Appellee,

v.

M. C. MOORE, Defendant-Appellant.

No. 6688.

Supreme Court of New Mexico.

March 14, 1963.

See, also, 68 N.M. 207, 360 P.2d 394.

Lon P. Watkins, Carlsbad, for appellant.

McCormick, Lusk & Paine, Carlsbad, for appellee.

CHAVEZ, Justice.

This is an action brought by Rose K. Moore, appellee, against M. C. Moore, appellant, for a divorce, for a division of community property, for an accounting for community funds expended on appellant's separate property, for a setting over to appellee of her separate property, and for attorney's fees. Appellee was granted a divorce; her claimed separate property was set over to her; appellant's claimed separate property was set over to him; a division of community personal property was ordered; appellee was awarded judgment against appellant in the amount of $4,500, payable at the rate of $75 per month, because appellant expended $9,000 of community funds on his separate property;

appellee was awarded judgment against appellant in the amount of $500 for attorney's fees; and appellee was awarded costs. From that portion of the judgment awarding appellee $4,500 and attorney's fees, appellant perfects this appeal.

The parties were married on November 24, 1949. No children were born of the marriage. They permanently separated on July 26, 1958. At the time of the marriage, appellee owned three lots upon which there are three apartments and a house. For about a year and a half they occupied two of the apartments and from that time until September, 1956, they occupied one apartment. From September, 1956, until the separation, appellant provided other living quarters and paid the rent thereon until July, 1958, when he moved out. Appellee paid the rent for August, 1958. During the period that the parties lived in appellee's apartments, appellant paid for three month's rent, a total of $315. Appellant repaired the buildings on appellee's separate property on numerous occasions. By appellee's figures, this totaled $2,500. He spent approximately $80 per month for groceries for the couple. While they lived in her apartments, he paid the utility bills for the entire property in the amount of $1319.90. He deposited all of his income in his own bank account; she deposited all of her income from her apartments, her house, and her own employment in her own bank account.

Prior to the marriage, appellant owned a ranch, a plumbing business, various rental properties, and sundry investments. During the marriage, he made various improvements to his properties and reinvested all the income from his investments. In 1956, appellant's plumbing business had fallen off to the point that he discontinued operating it and secured employment with the city of Carlsbad as a plumbing inspector.

The basis expressed by the court for making the award of $4,500 to appellee is set forth in the following findings of fact:

"8. That the defendant, M. C. Moore, during the marriage of the parties, operated a ranching, plumbing and rental business in connection with his separate property, and was also employed on salary by the City of Carlsbad, New Mexico, during the years 1956 to 1958, whereby he earned the total sum of $9060.00 [sic], and during said marriage he, without the consent of plaintiff, expended large sums of community funds in the financing and improvement of his separate property; that not all of the community funds so expended by him can be fully traced and identified beyond the sum of $9000.00, and for which the community received no benefit.

"9. That by reason of such use of that amount of community funds,

the defendant, M. C. Moore, is indebted to the community in the sum of $9000.00, of which Rose K. Moore is entitled to one-half, namely $4500.00, and which should be paid to her by said M. C. Moore."

Appellant questions the correctness of the award of $4,500 to appellee, contending that there is not substantial evidence to support it.

As appellant did not have access to the sums resulting from appellee's rental properties and her work, because they were deposited in her own bank account to which he did not have withdrawal privileges, and because he did not allege that these sums were used other than for proper community and separate purposes of appellee, we will not consider them in connection with this discussion.

It is the policy of this court not to alter or modify the trial court's findings of fact when they are supported by substantial evidence. Nor will we weigh the evidence when it is conflicting, but will resolve the conflict so as to uphold the judgment. Luna v. Flores, 64 N.M. 312, 328 P.2d 82. However, when the findings of fact are attacked as not being supported by substantial evidence and the evidence is before us in the form of uncontradicted figures, we will review it in order to determine if the trial court has dealt properly with it.

We will treat each year separately in order to determine the income of the community.

Appellant owned the ranch free and clear of all encumbrances prior to the marriage. Accordingly, it belongs to him as his separate property. Section 57–3–5, N.M.S.A., 1953 Comp. However, merely because it is his separate property does not mean that the income therefrom is his separate property. Campbell v. Campbell, 62 N.M. 330, 310 P.2d 266. While the evidence as to when appellant hired a manager for the ranch is not clear, the evidence does show that prior to 1951 appellant supervised the ranch's operation himself and employed another person to carry out various tasks on the ranch at his direction. Therefore, the income from the ranch prior to 1951 should be apportioned between appellant's separate property and the property of the community. Katson v. Katson, 43 N.M. 214, 89 P.2d 524. There is a rebuttable presumption that income received by either party during their marriage is community property. McElyea v. McElyea, 49 .N.M. 322, 163 P.2d 635. Appellant had ample opportunity to rebut this presumption at the trial. Either he did not choose to do so or was unable to rebut it. In either event, we are shown no evidence adduced at the trial which will defeat the presumption as to the income from the ranch during the years 1949 and 1950. Accordingly, we will treat that income as income of the community.

On this basis the community realized $3,-444.95 from this venture for these years. From 1951 on, appellant employed a manager for the ranch. He did not control its operation. Therefore, any income from the ranch after 1950 was his separate property. Campbell v. Campbell, supra.

■ Appellant owned the plumbing business free and clear of all encumbrances prior to his marriage. Therefore, it is his separate property. Section 57–3–5, supra. However, under the evidence as we view it, the entire income of $20,135.32 is the property of the community.

■ All income realized from appellant's rental properities is his separate property as it is the demonstrated rental value of the realty which is a valid measure of the separate income of its owner. Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010. The rental properties are clearly the separate property of appellant because he owned them prior to the marriage. Section 57–3–5, supra.

All income from appellant's investments, owned by him prior to the marriage, is his separate property. Section 57–3–5, supra. The income is the demonstrated interest on the investments which is a valid measure of the separate income to appellant. Katson v. Katson, supra. In neither the rental properties nor the investments did appellant expend his skill, efforts, or labor, such as to make the income therefrom the income of the community. Laughlin v. Laughlin, supra.

■ The income from appellant's employment by the city of Carlsbad, $9,360, is community property. Katson v. Katson, supra.

■ We are not supplied with any information as to the income from appellant's separate properties subsequent to August 31, 1958. We cannot extrapolate from the figures in the record so as to determine what this amount may be, as to do so would be pure speculation. However, we can accurately determine the amount of salary appellant received from the city of Carlsbad from September, 1958, to the time of the divorce, as we are given the amount of his monthly salary, $425. For this latter period, this totals $2,790.89.

The gross income to the community from appellant's salary and separate property is $35,731.16. In order to determine if appellant is unable to account for any of this amount, we will deduct from it the amounts he spent on purposes of the community.

■ A legitimate expense of the community is a prorated share of the income taxes paid by appellant for the income from his separate property and his

salary. By calculating this amount on a year-to-year basis, we find that a total of $5,950.98 was paid in income tax for the community's share of the income from appellant's separate property. In addition to this, $1,028.50 was withheld from his salary by the city of Carlsbad for income tax. For the period from September, 1958, through March 17, 1959, the date of the divorce, the city of Carlsbad should have withheld an additional sum of $307 as income tax. This makes a total of $7,286.48 spent for income taxes of the community.

Appellee testified that appellant spent $80 per month for groceries for the community. This totals $8,400. He spent $2,259.40 for medical expenses. He paid appellee $315 as rent for the community's use of her separate property.

By appellee's figures, appellant spent $2,500 on repairs and improvements on her separate property. In addition to this, he spent $1,319.90 to pay the utility bills on her separate property. In view of the fact that the community only occupied two of her apartments, out of a total of three apartments and one house on her separate property, it is equitable to divide this latter amount as being spent one-half for the community and one-half being spent as expenses of her separate property. We will attribute $659.95 to community expenses and the same amount to the expenditure of community funds on her separate property.

The foregoing shows that a total of $3,159.95 of community funds was used for appellee's separate purposes. Just as appellant is required to account to the community for any expenditure of community funds on his separate property, so must appellee account for these expenditures of community funds on her separate property.

■ The total expenses of the community paid by appellant were $18,920.83. This leaves a net income to the community of $16,810.33. Of this amount, $3,159.95 was spent on appellee's separate property. In view of the fact that appellant did not account for the expenditure on liabilities of the community of the remaining community income, $13,650.38, we hold there is substantial evidence to support the trial court's judgment.

Having thus disposed of this issue, we will not discuss appellee's attempts to justify the award on the grounds of alimony or the community's use of her separate property.

■ The New Mexico statute relative to the allowance of attorney's fees in divorce cases is § 22–7–6, N.M.S.A., 1953 Comp., which permits the trial court to:

"* * * make such order, relative to expenses of the suit, as will insure the wife an efficient preparation and presentation of her case; * * *."

In view of the facts that this was a contested divorce action and that more than one full day was spent in trying the case, which necessitated considerable preparation by appellee's counsel, we do not feel that the amount awarded as attorney's fees is so excessive as to require reversal as being an abuse of discretion by the trial court.

The judgment is affirmed. It is so ordered.

CARMODY and MOISE, JJ., concur.