519 P.2d 122

Joseph C. LUJAN, d/b/a Valley Professional
Engineering & Land Surveying,
Plaintiff-Appellee,

v.

James E. F. MERHEGE, Defendant-
Appellant.

No. 9766.

Supreme Court of New Mexico.

Feb. 15, 1974.

Wollen & Segal, Albuquerque, for de-
fendant-appellant.

Scarborough & Scarborough, George M.
Scarborough, Espanola, for plaintiff-appel-
lee.

OPINION

McMANUS, Chief Justice.

Two suits against defendant-appellant
were filed by plaintiff-appellee in the Dis-
trict Court of Rio Arriba County. The
first was for the collection of a bill for
services rendered by the appellee, and the
second was for the identical relief together
with a writ of attachment. Appellant filed
a counterclaim to the writ of attachment
suit. Both cases were tried simultaneously
to the court without a jury and judgment
was entered for the appellee. Appellant
hereby appeals.

As background, appellant hired appellee,
a professional surveyor, to survey the ap-
pellant's entire ranch perimeter, establish a

new eastern boundary for the west 3500 acres of the ranch and to survey an 80-acre parcel in the southwest corner of the 3500-acre tract. Appellant was dissatisfied with the surveying of the appellee and refused to pay appellee for his work.

Appellant's points of appeal may be condensed into three main contentions; first, that the trial court erroneously found that appellee's work was properly done; second, that the transaction between the parties was not an open account and appellee is not therefore entitled to an award of attorney fees; third, that appellee's suit for a writ of attachment was wrongful.

█ The first issue may be dealt with by determining whether the evidence before the trial court, and upon which its decision was based, is substantial in character. "Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967). If there is substantial evidence in the record to support a finding, this court will not substitute its judgment therefor and the trial court's findings will be affirmed. Tome Land & Improvement Co. v. Silva, 83 N.M. 549, 494 P.2d 962 (1972). Suffice it to say that we have carefully examined those portions of the record cited by the parties in support of their respective positions and are of the opinion that the evidence is substantial to support the trial court's findings that the surveys provided by the appellee were sufficiently prepared.

█ We cannot agree with the trial court's determination that the appellee should be awarded attorney fees as part of the damages. The rule in New Mexico is that absent statutory authority or rule of court, attorney fees are not recoverable as an item of damages. Riggs v. Gardikas, 78 N.M. 5, 427 P.2d 890 (1967). The only possible statutory authority which would allow the appellee to recover attorney fees in this case would be § 18–1–37, N.M.S.A. 1953 (Repl.Vol. 4). This section allows attorney fees, as costs, in actions to recover on an open account. As stated in Tabet

Lumber Company v. Chalamidas, 83 N.M. 172, 173, 489 P.2d 885, 886 (Ct.App.1971).

" 'Open account' is defined in Gentry v. Gentry, 59 N.M. 395, 285 P.2d 503 (1955) and Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295 (1942); see Panhandle Irrigation, Inc. v. Bates, 78 N.M. 706, 437 P.2d 705 (1968). There is no evidence of a 'connected series of debit and credit entries' or a 'continuation of a related series.' Heron v. Gaylor, supra. Compare Cutter Flying Serv., Inc. v. Staughan Chevrolet, Inc., 80 N.M. 646, 459 P.2d 350 (1969). Nor is there evidence that the amount claimed to be due by plaintiff, and defendant's payments thereon, were intended by the parties as the beginning of a connected or related series. * * *"

The above language applies to this case since here the evidence shows a single independent transaction composed of three parts. Therefore, since no proper showing of statutory authority is present, the award of attorney fees is reversed. Appellee's claim that the appellant failed to raise the issue of whether or not there was an open account is without merit. In the appellant's requested findings of fact and conclusions of law the issue was raised and this was sufficient to alert the trial court and to call to its attention the lack of any evidence to prove appellee's right to attorney fees. Such failure of proof must defeat any judgment rendered in its favor.

The third issue before us is whether or not appellee's writ of attachment was wrongful.

█ The pertinent findings of the trial court below concerning this third issue are as follows:

"VI. Plaintiff's filing of a writ of attachment in Cause No. 11459 was not malicious but was in furtherance of enforcement of his claim against Defendant."

"IX. Plaintiff has performed all conditions precedent to the bringing of this suit."

and

"XI. Plaintiff acted in a reasonable manner in filing a writ of Attachment against Defendant's real estate and the proceedings therein are hereby approved."

A careful search of the trial record indicates that the above findings are supported by substantial evidence. To say otherwise would place this court in the position of substituting our judgment for that of the trial court. We have many times ruled that such is not the province of this court.

The judgment of the trial court concerning the sufficiency of appellee's survey is sustained. The judgment as to the award of attorney fees is reversed. The judgment of the trial court as to the wrongful attachment issue is sustained.

It is so ordered.

MONTOYA and MARTINEZ, JJ., concur.