528 P.2d 207

The UNIVERSITY OF ALBUQUERQUE, a
non-profit New Mexico corporation,
Plaintiff-Appellee,

v.

Thomas J. BARRETT, Defendant-Appellant.

No. 9937.

Supreme Court of New Mexico.

Nov. 8, 1974.

Paul A. Phillips, Albuquerque, for defendant-appellant.

Keleher & McLeod, Charles A. Pharris, Michael L. Keleher, Albuquerque, for plaintiff-appellee.

## OPINION

OMAN, Justice.

The University brought suit against Barrett for a judgment declaring that a contractual relationship between them had been terminated and the University was without further obligation to him. Barrett counterclaimed for damages allegedly resulting from wrongful termination of the contract by the University.

Judgment was entered in favor of Barrett, but he appealed from the amount of the award. We reverse and remand for further proceedings.

At the close of the trial on August 15, 1973, the trial judge announced:

"My practice is after receipt of my letter, within five days after receipt of my letter you present a judgment to be approved by both counsel. Ten days following that date findings of fact and conclusions of law will be submitted and that schedule will be adhered to. * * * After that any findings of fact and conclusions of law will be deemed waived by the court."

By letter dated August 21, 1973, the trial court advised counsel for the parties of its ruling and stated:

"Counsel for defendant [Barrett] is instructed to prepare a judgment in accordance with the terms of this letter and to have it approved by counsel for plaintiff [the University] and to present to the Court within 5 days after receipt of this letter. Within 15 days after receipt of this letter Findings of Fact and Conclusions of Law are to be submitted to the Court. Any Findings of Fact and Conclusions of Law not submitted at that time will be deemed waived by the

Court. There will be no deviation from this time schedule."

■ On September 5, 1973, the judgment was entered. In this judgment, the trial court ordered "that the parties have ten days from the entry hereof to submit Requested Findings of Fact and Conclusions of Law." Both parties filed requested findings of fact and conclusions of law, but the University's requests were not filed until October 5, 1973. The trial court failed to comply with the procedural requirements of Rule 52(B)(a)(5), Rules of Civil Procedure [§ 21–1–1(52)(B)(a)(5), N.M.S.A.1953 (Repl.Vol. 4, 1970)]. However, it is obvious from a reading of the court's findings of fact and conclusions of law, which were not entered until October 24, 1973, that the requests of both parties were considered, and the court expressly recited that all requested findings and conclusions not included in its decision were refused.

Since the judgment had been entered on September 5 and the time for appeal expired thirty days thereafter, Barrett filed his notice of appeal on October 5, even though the trial court had not yet entered its decision consisting of its findings of fact and conclusions of law. Upon the filing by the court of its decision on October 24, Barrett filed a second notice of appeal in which he recited he was appealing " * * * from so much of the Court's Findings of Fact and Conclusions of Law and of the Judgment of the Court entered on September 5, 1973, as limits the amounts to be recovered by the Counterclaimant to $16,400.00."

■ The University is now contending, and we agree, that under New Mexico law the parties' requests for findings and conclusions and the court's decision, consisting of its findings and conclusions, should have been entered before the entry of the judgment. The decision of the trial court constitutes the factual and legal basis for the judgment, and, as stated in Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790 (1955);

"Rules of practice, and orderly procedure, require that findings of fact and conclusions of law be made and that requests therefor be submitted before judgment is entered." See also Kipp v. McBee, 78 N. M. 411, 432 P.2d 255 (1967).

We have repeatedly held that the trial court loses jurisdiction of a case upon the filing of notice of appeal, except for the purposes of perfecting such appeal or passing upon a motion directed to the judgment which is pending at the time. Wagner Land and Investment Co. v. Halderman, 83 N.M. 628, 495 P.2d 1075 (1972) and cases therein cited. No motion directed to the judgment in the present case was pending when the notice of appeal was filed on October 5.

In Mirabal v. Robert E. McKee, General Contractor, Inc., 74 N.M. 455, 394 P.2d 851 (1964), we held that the trial court properly refused to pass upon requested findings and conclusions filed after the filing of the notice of appeal, because the trial court had lost jurisdiction to do so. It follows logically therefrom that the trial court in the present case lacked authority to enter findings and conclusions 19 days after the filing of the notice of appeal and over a month and a half after the entry of the judgment.

Perhaps one of the parties, and particularly Barrett, since he feels aggrieved, should have filed a motion pursuant to Rule 52(B)(b), Rules of Civil Procedure [§ 21-1-1(52)(B)(b), N.M.S.A.1953 (Repl.Vol. 4, 1970)] to amend the judgment, or a motion to vacate the judgment until the court had entered its findings and conclusions, as it should properly have done. However, as above noted, the trial court very positively announced its procedure would be to enter judgment first and then consider requested findings and conclusions. It expressly provided in the judgment that the parties had ten days after the entry thereof within which to file requests. Consequently, under these circumstances, we are not inclined to hold that Barrett lost his right to have the evidence reviewed in connection with his points relied upon for reversal. Neither are we inclined to agree with his contention that it would be absurd to reverse and remand for the purpose of having the trial court follow proper procedures. We decline, under the facts of this case, to follow the course taken in Brown v. Hayes, 69 N.M. 24, 363 P.2d 632 (1961). We feel that under the peculiar circumstances here present we should reverse the judgment and remand the case to the district court for the purpose of entering a proper decision prior to the entry of judgment, so that either party may then take an appropriate appeal therefrom, if aggrieved thereby. The costs on this appeal should be borne equally by the parties.

It is so ordered.

STEPHENSON and MARTINEZ, JJ., concur.