658 P.2d 426

Rodney D. JEFFERS and Victoria M.
Jeffers, his wife,
Plaintiffs-Appellants,

v.

Betty L. DOEL (Martinez),
Defendant-Appellee.

No. 14027.

Supreme Court of New Mexico.

Sept. 29, 1982.

Rehearing Denied Oct. 20, 1982.

Cohen & Aldridge, William F. Aldridge, Albuquerque, for plaintiffs-appellants.

Avelino V. Gutierrez, Albuquerque, for defendant-appellee.

## OPINION

SOSA, Senior Justice.

Plaintiffs-appellants, Mr. and Mrs. Jeffers, appeal from the district court's third grant of summary judgment in favor of defendant-appellee, Betty Doel Martinez. The issue in this case is whether the district court erred in granting the motion for sum-

mary judgment because genuine issues of material fact exist.

This action was originally brought by the Jeffers for specific performance of a contract for the sale of realty from Ms. Martinez to the Jeffers or, in the alternative, damages. On appeal, this Court reversed and remanded because genuine issues of material fact existed. *Jeffers v. Martinez,* 93 N.M. 508, 601 P.2d 1204 (1979). On remand, the district court again granted summary judgment for Ms. Martinez. On March 2, 1981, this Court reversed the trial court by decision because genuine issues of material fact still existed. On remand, the district court granted Ms. Martinez' third summary judgment motion. We again reverse and remand.

On February 4, 1978, the Jeffers entered into an agreement with Ms. Martinez for the purchase of a house and lot in Albuquerque. Before her marriage to Frank R. Martinez, the property in question was the sole and separate property of Ms. Martinez. Mr. Martinez contends it was converted to community property by a quitclaim deed that Ms. Martinez purportedly executed to herself and her husband on May 3, 1977, which was never recorded.

In its March 2, 1982, decision, this Court directed the trial court to determine (1) whether the appellants were innocent purchasers for value and (2) whether appellants had prior knowledge or notice of the unrecorded deed from Ms. Martinez to herself and Mr. Martinez as husband and wife. In its order granting the third summary judgment, the district court entered as findings of fact that:

7. Plaintiffs did not appear at the closing, set for March 3, 1978, because they were advised by defendant's attorney in letter dated February 20, 1978 that FRANK R. MARTINEZ had a community interest in said real estate and therefore the purported agreement was null and void because he did not join in the agreement.

8. That on February 27, 1978, Avelino V. Gutierrez, attorney for Martinez spoke on the phone with Fred M. Calkins, Jr., at-torney at law, in Albuquerque, New Mexico, and pursuant to said conversation, mailed a letter to Fred M. Calkins, Jr., enclosing therewith a copy of the above community quitclaim deed.

9. By March 3, 1978, the date set for closing, plaintiffs had acquired knowledge of said community quitclaim deed.

The court entered the following conclusions of law:

1. Assuming without deciding that the plaintiffs were bona fide purchasers for value at the date of closing, they are bona fide purchasers only to the extent of the funds they had deposited, i.e., $300.00.

2. Plaintiffs are entitled to the refund of the earnest deposit of $300.00, plus interest at the statutory rate from the date of its deposit.

██ A summary judgment should not be granted if there is a genuine issue of material fact in dispute. N.M.R.Civ.P. 56, N.M. S.A.1978 (Repl.Pamp.1980); *Pharmaseal Laboratories, Inc. v. Goffe,* 90 N.M. 753, 568 P.2d 589 (1977). Even if the affidavit of appellee's counsel that supported Findings of Fact Nos. 7 through 9 were admissible under N.M.R.Civ.P. 56(e), N.M.S.A.1978 (Repl.Pamp.1980), there is still a genuine issue of material fact undetermined. The trial court has not complied with the mandate of this Court. It has yet to determine whether the Jeffers were innocent purchasers for value.

Section 14–9–3, N.M.S.A.1978, provides that "[n]o deed, * * * not recorded in accordance with Section 14–9–1 NMSA 1978, shall affect the title or rights to, in any real estate, of any purchaser, * * * without knowledge of the existence of such unrecorded instruments."

██ The February 4, 1978, agreement may be void and unenforceable pursuant to Section 40–3–13(A), N.M.S.A.1978, which provides that a contract for the sale of community real property signed by one spouse alone is void and of no effect. *Jeffers v. Martinez, supra; Hannah v. Tennant,* 92 N.M. 444, 589 P.2d 1035 (1979). However, as stated in *Jeffers v. Martinez:*

Any conflict between §§ 40–3–13 and 14–9–3 should be resolved in favor of the latter statute which protects the rights of innocent purchasers for value without notice of unrecorded instruments. * * * Equitable principles require that the innocent purchaser should prevail over one who negligently fails to record a deed upon which he seeks to rely.

If the Jeffers are found to be innocent purchasers for value without notice then the real estate was not at any material time community property as to the innocent purchaser for value.

93 N.M. at 510, 601 P.2d at 1206. To be protected by the statute, a party must be a purchaser, mortgagee in good faith or judgment lien creditor. *Withers v. Board of Cty. Com'rs, Etc.,* 96 N.M. 71, 628 P.2d 316 (Ct.App.1981). The purpose of the statute is to prevent injustice by protecting innocent purchasers for value without notice of unrecorded instruments who have invested money in property. *Arias v. Springer,* 42 N.M. 350, 78 P.2d 153 (1938). Accordingly, the trial court must first determine if the Jeffers were innocent purchasers for value without notice of the unrecorded deed. Then the trial court must fashion an appropriate remedy. Because the trial court awarded the Jeffers only their $300 earnest money plus interest, we discuss the issue of damages.

If, as appellee contends, an innocent purchaser for value without notice of an unrecorded deed is entitled only to the return of any partial payment he has made, when is a person entitled to rely on Section 14–9–3? All a vendor would have to do to breach any purchase agreement with impunity would be to keep an unrecorded deed hidden so that when he breaches the agreement, he would be liable merely for any earnest money paid him plus interest.

▪ Appellee's contention that, if the Jeffers are bona fide purchasers for value, they are entitled only to a refund of the money they have paid out is erroneous. The general rule is that a purchaser may recover, as damages for the refusal or inability of a vendor to convey, the difference between the actual value of the property and the price stated in the contract. *Aboud v. Adams,* 84 N.M. 683, 507 P.2d 430 (1973); *Montgomery v. Cook,* 76 N.M. 199, 413 P.2d 477 (1966); *Adams v. Cox,* 54 N.M. 256, 221 P.2d 555 (1950); *Conley v. Davidson,* 35 N.M. 173, 291 P. 489 (1930). Other jurisdictions have held that where a vendor breaches a contract to convey land because of the refusal of his or her spouse to join in the conveyance, such a breach is ordinarily deemed to constitute such fraud as to entitle the purchaser to recover as an element of damage compensation for the loss of his bargain. 77 Am.Jur.2d, *Vendor and Purchaser* § 527 (1975). There is also the possibility that, whether the Jeffers are or are not bona fide purchasers for value, they may be entitled to damages under a theory which does not rely upon the contract. *See Sims v. Craig,* 96 N.M. 33, 627 P.2d 875 (1981).

For the foregoing reasons, we reverse and remand for a determination of whether appellants are innocent purchasers for value and for a determination of the amount of damages.

Both parties shall bear their own costs.

IT IS SO ORDERED.

EASLEY, C.J., and RIORDAN, J., concur.