738 P.2d 899

**Mildred Sue Blanton HICKEY,
Plaintiff-Appellee and
Cross-Appellant,**

v.

**Edward Allen GRIGGS, Defendant-Appellant and Cross-Appellee.**

**No. 16227.**

Supreme Court of New Mexico.

June 15, 1987.

Rehearing Denied July 14, 1987.

**28**

David A. Grady, Albuquerque, for defendant-appellant and cross-appellee.

Pete McDevitt, Albuquerque, for plaintiff-appellee and cross-appellant.

## OPINION

SOSA, Senior Justice.

Plaintiff Mildred Hickey brought this action for specific performance and damages against defendant Edward Griggs, alleging that Griggs had breached an executory contract to sell real estate. The trial court entered judgment in favor of Hickey and awarded her damages for $7200, plus interest, costs, and attorney's fees for 25% of that amount. Both parties appeal. We affirm in part and reverse in part.

**FACTS:**

This case involves two real estate purchase agreements. On December 7, 1982, Hickey contracted to purchase Griggs' triplex apartment building (triplex agreement) for $75,000. Griggs then contracted to purchase Hickey's townhouse (townhouse agreement) for $51,900. The townhouse agreement was contingent upon the consummation of the transaction contemplated in the triplex agreement, but neither contract was ever consummated. Although Hickey was ready, able, and willing to effectuate the triplex agreement, Griggs declined to perform the contract.

The trial court entered its judgment in favor of Hickey on November 18, 1985, and directed either party to request findings of fact and conclusions of law within ten days of the judgment. The responding party was given an additional ten days to file its request. Both parties filed requested findings of fact and conclusions of law and Griggs then filed his notice of appeal. Thereafter, the court entered its requested findings of fact and conclusions of law.

Griggs raises the following issues on appeal:

(1) Whether the trial court had jurisdiction to enter findings of fact and conclusions of law after Griggs had appealed;

(2) Whether the trial court erred in concluding that Griggs breached any contract and finding him liable for damages;

(3) Whether the trial court erred in computing the damages suffered by Hickey; and

(4) Whether the trial court erred in awarding Hickey costs and attorney's fees.

Hickey cross-appeals contending that the trial court erred in computing her measure of damages.

■ We will first dispose of the procedural question raised on appeal. Griggs contends that the court lost its jurisdiction to enter findings of fact and conclusions of law because his notice of appeal had already been filed.

The trial court is required, in a case tried without a jury, to find the facts necessary to support its judgment. SCRA 1986, 1–052(B)(1)(a) (Recomp.1986). It is a technical error for the trial court to enter judgment without findings of fact and conclusions of law, *University of Albuquerque v. Barrett*, 86 N.M. 794, 528 P.2d 207 (1974); and this Court will accordingly remand a case for the making of proper findings of fact. *DesGeorges v. Grainger*, 76 N.M. 52, 412 P.2d 6 (1966). A remand, however, is unnecessary when the findings of fact are

part of the record. *See Brown v. Hayes,* 69 N.M. 24, 26–27, 363 P.2d 632, 634 (1961).

Although we continue to demand compliance with the Rules of Civil Procedure, under these circumstances where the trial court's findings of fact and conclusions of law are part of the record, it would be a misuse of judicial resources to remand this case to the trial court. *See Peterson v. Peterson,* 98 N.M. 744, 746, 652 P.2d 1195, 1197 (1982). We will therefore proceed to determine the issues on appeal based on the trial court's findings of fact.

Griggs next maintains that the agreement between the parties was void and of no effect because he lacked the capacity to enter into the contract and because Griggs' wife refused to sign the agreement. Alternatively, Griggs argues that his breach of the contract is excusable because he was unable to convey title free from all liens and encumbrances, since Mrs. Griggs, who had a community lien on the property, failed and refused to convey title.

 First, the issue of capacity to enter into a contract is a question for the fact finder. 17A C.J.S. *Contracts* § 614, at 1234 (1963). The trial court found that Griggs was competent to make the contract that he breached. Griggs testified that he had been drinking on a daily basis and was intoxicated when he contracted with Hickey to sell and purchase real estate. Mrs. Griggs also testified that she did not believe her husband was "in a mental state to make ... any decision at all." The record contains evidence to the contrary. Lynn Handley, a real estate broker, testified that in her opinion Griggs did not appear intoxicated when he signed the purchase agreements.

It is not the function of this Court to weigh the evidence or its credibility, nor will we substitute our judgment for that of the trial court as to the facts established by the evidence, so long as the findings are supported by substantial evidence. *Getz v. Equitable Life Assurance Soc'y of U.S.,* 90 N.M. 195, 561 P.2d 468, *cert. denied,* 434 U.S. 834, 98 S.Ct. 121, 54 L.Ed.2d 95 (1977). We find that the evidence supports the trial court's finding.

█ Second, the failure of Griggs' wife to sign the triplex agreement did not render it void. Griggs concedes that the triplex is his separate property since he acquired it before his marriage. *See* NMSA 1978, § 40–3–8(A)(1) (Repl.Pamp.1986). Griggs argues, however, that his wife's management of the triplex entitled her to some "interest" in his separate property or at least to reimbursement for her contributions. He asserts therefore that the community had a lien against his property. But the community's interest is not at issue here. We are concerned only with ownership interests for the purpose of conveyance.

The cases are clear that community contributions and improvements to real property do not affect the title of separate ownership. *McElyea v. McElyea,* 49 N.M. 322, 163 P.2d 635 (1945); *Laughlin v. Laughlin,* 49 N.M. 20, 155 P.2d 1010 (1944). The right of the community to be reimbursed for the amount of the lien does not change the character of the property from separate to community, *Portillo v. Shappie,* 97 N.M. 59, 636 P.2d 878 (1981); and separate property may be conveyed by the owner without the joinder of a spouse. NMSA 1978, § 40–3–13(A) (Repl.Pamp.1986). Thus, nothing precluded Griggs from conveying his separate interest in the triplex property and subsequently reimbursing the community for its expenditure of labor.

█ Griggs also maintains that the evidence does not support the trial court's finding that the value of the triplex was $100,000. Griggs complains about the admission of evidence from a real estate broker regarding the value of the triplex. Handley, a real estate broker for more than 12 years in Albuquerque, New Mexico, gave her opinion regarding the value of the triplex. She testified that in her opinion the property had a market value of $95,000. Her testimony was uncontradicted, except for Griggs' testimony that he believed the value of the property was $75,000.

Handley's opinion was based on comparing recent sales of other similar property

proximately located to the triplex. Griggs argues that Handley was not an expert witness because she was not an appraiser of property. Professionalism is not required. A person having personal knowledge of relevant matters is competent. *Kirk Co. v. Ashcraft,* 101 N.M. 462, 684 P.2d 1127 (1984), *see also Burger v. City of Wichita,* 132 Kan. 105, 294 P. 670 (1931) (neighbor could testify as to value of property). Moreover, the trial judge has wide discretion in passing on the witness' competency to give an opinion. *State v. Hall,* 103 N.M. 207, 704 P.2d 461 (Ct.App.1985).

On appeal, this Court will not disturb the trial court's findings of fact when they are supported by substantial evidence. Nor will we weigh the evidence when it is conflicting, but will resolve the conflict so as to uphold the judgment. When, however, the findings of fact are attacked as not being supported by substantial evidence and the evidence is before us in the form of uncontradicted figures, we will review it in order to determine if the trial court dealt with it correctly. *Moore v. Moore,* 71 N.M. 495, 379 P.2d 784 (1963). In this case, the trial court found the issue in Hickey's favor, but mistakingly found the market value of the property to be $100,000 instead of $95,000, which amount is supported by the record evidence. Accordingly, we will treat the market value of the triplex as $95,000.

■ We agree, however, with Hickey's contention on cross-appeal that the trial court erred in computing damages and that the proper measure of damages is loss of the bargain. The general rule is that the purchaser is entitled, as general damages, for the refusal or inability of the vendor to convey, to recover the difference between the actual value of the property and the contract price. *Jeffers v. Doel,* 99 N.M. 351, 658 P.2d 426 (1982); *Aboud v. Adams,* 84 N.M. 683, 507 P.2d 430 (1973); *Conley v. Davidson,* 35 N.M. 173, 291 P. 489 (1930). The trial judge's decision letter stated that Hickey was not entitled to the "benefit of the bargain" since she did not reduce her damages by seeking other investment opportunities. The benefit of the bargain rule is not applicable to this case. The loss

of the benefit of the bargain is calculated where a purchaser breaches an executory real estate contract. The vendor's measure of damages is the difference between the purchase price and the market value of the property at the time of the breach. *Stearns' Properties v. Trans-World Holding Corp.,* 492 F.Supp. 238 (1980).

■ Furthermore, mitigation of damages does not apply when compensating a wronged purchaser for the loss of the bargain. The doctrine of mitigation of damages is usually reflected in the vendor's general measure of recovery for breach of a contract to purchase realty. 77 Am. Jur.2d *Vendor and Purchaser* § 489, at 615 (1975). The legal rule of mitigation is designed to discourage persons against whom wrongs have been committed from passively suffering economic loss which could be averted by reasonable efforts, or from actively increasing such loss where prudence requires that such activity cease. Here there were no losses which Hickey could have avoided. The loss she sustained was directly attributable to Griggs' breach of the contract. We also find the record is devoid of any evidence regarding Hickey's failure to mitigate. Mitigation of damages is an affirmative defense and its burden of proof is on the defaulting party. *Bd. of Educ. of Alamogordo Pub. School Dist. No. 1 v. Jennings,* 102 N.M. 762, 701 P.2d 361 (1985).

■ Therefore, we reverse the trial judge and award Hickey damages for $20,000, which is the difference between the actual value of the triplex and the contract price. We also reverse the court's award of attorney's fees and costs. It is an established rule in New Mexico that, absent statutory authority or rule of court, attorney fees or costs cannot be recovered as an item of damages. *Lujan v. Merhege,* 86 N.M. 26, 519 P.2d 122 (1974); *New Mexico Bureau of Revenue v. Western Elec. Co.,* 89 N.M. 468, 553 P.2d 1275 (1976). There is no statutory authority that would allow Hickey to recover attorney fees in this case. Nor did the contract provide recovery for reasonable attorney's fees.

The trial court's judgment is sustained regarding Griggs' liability. The judgment as to Hickey's damage award and the award of attorney's fees and costs is reversed. Hickey's damage award shall be set at $20,000. Each party is to bear its own costs on appeal.

IT IS SO ORDERED.

SCARBOROUGH, C.J., and WALTERS, J., concur.

STOWERS and RANSOM, dissent.

RANSOM, Justice (dissenting).

I respectfully dissent in part.

It is inappropriate for this Court to usurp the trial court's function in assessing damages. *Greenfield v. Bruskas*, 41 N.M. 346, 354–355, 68 P.2d 921, 926–927 (1937). The testimony on value of the property ranged from $75,000 to $95,000. There was substantial evidence to support a finding of damages anywhere from zero to $20,000. The trial court intended to award and did award $7,200, albeit on faulty factual and legal premises. The case should now be remanded for entry of new findings and conclusions on damages. Additional evidence is not required. On remand, the trial court may give the opinion testimony on property value such weight as it deserves. *Lopez v. Heesen*, 69 N.M. 206, 365 P.2d 448 (1961); *Strickland v. Roosevelt County Rural Elec. Coop.*, 99 N.M. 335, 657 P.2d 1184 (Ct.App.1982), *cert. denied*, 99 N.M. 358, 658 P.2d 433 (1983); *Rodgers v. City of Loving*, 91 N.M. 306, 573 P.2d 240 (Ct. App.1977) (expert opinion on property value may be disregarded in whole or in part even if uncontradicted).

STOWERS, Justice, dissenting.

I concur with the dissent filed by Justice Ransom. However, I would remand for a new trial on the issue of damages. Further, I would require new findings of fact and conclusions of law, timely filed according to our rules of civil procedure and correctly reflecting the facts and the law.